## STATE OF MINNESOTA *vs.* THOMAS NEW.

### August 5, 1875.

**Embezzlement by Servant—Indictment.**—An indictment under Gen. St. ch. 95, ∂ 23, for the embezzlement and fraudulent conversion of money, properly *accuses* the person indicted of the crime of larceny.

**Same—Verdict on Conviction.**—Upon the trial of such indictment a verdict finding defendant " guilty," and that " the value of the property embezzled " is a given sum, is consistent and proper.

**Same—Evidence as to Place of Commission of Offence.**—The indictment charged the embezzlement and conversion of money in Hennepin county. There being no evidence that defendant carried the money out of Hennepin county, or made the unlawful appropriation proved in any other place than that county, *Held*, that evidence of the receipt of the money in Hennepin county, by defendant from his employer, and his unexplained failure to hand it over or account for it, is at least *prima facie* evidence that the offence charged was committed in Hennepin county.

**Same—Evidence as to Time of Commission of Offence.**—Evidence that the offence charged was committed before the time laid in the indictment is competent, and is not excluded by Gen. St. ch. 108, ∂ 23.

**Same—Demand Unnecessary in Case of Actual Embezzlement by Servant.**— Where there has been "an actual embezzlement and fraudulent appropriation" of money entrusted to a servant for delivery, a demand and refusal are not necessary to constitute a conversion of the same.

The defendant was tried in the district court for Hennepin county, before *Vanderburgh*, J., upon the following indictment :

" Thomas New is accused by the grand jury of the county of Hennepin, in the state of Minnesota, by this indictment, of the crime of larceny, committed as follows : The said Thomas New, not being an apprentice, nor under the age of sixteen years, on the 20th day of August, A. D. 1873, at the city of Minneapolis, in said Hennepin county, then and there being a servant of the American Express Company, a copartnership consisting of various persons, the names of whom are to the grand jury unknown, did wilfully, unlawfully, feloniously and fraudulently embezzle and convert to his own use, without the consent of his employers, the said express company, divers and sundry genuine and current

legal-tender treasury notes, °of different denominations,. issued by the treasury department of the United States, and divers and sundry genuine current bank notes, of different denominations, issued by divers and sundry national banks, organized under the laws of the United States, which said treasury notes and bank notes amounted in all to the sum of forty dollars, but a more particular description of which said treasury notes and bank notes, or either or any of them, or the number thereof, is to the grand jury unknown, all of the same being then and there the property and moneys of the said express company, and all of which had come into the possession of, and were then and there in the possession of, and under the care of, said Thomas New, by virtue of his said employment for said company, when so embezzled as aforesaid ; whereby the said Thomas New then and there, feloniously, wilfully, unlawfully, and with force of arms, did commit the crime of larceny as aforesaid, contrary to the statute,'' etc.

At the trial it appeared that the defendant was employed by the express company as a messenger on the railway train between Minneapolis, in Hennepin county, and St. Paul, in the adjoining county of Ramsey ; that on July 25, 1873, a money package containing $40.00, addressed to one Guisenberg, at Chicago, was received at the Minneapolis office of the express company, and was by the company's agent delivered to defendant, to be by him carried to St. Paul,. and there delivered to one Truesdell, the company's messenger on the line from St. Paul to Milwaukee ; that defendant had not delivered the package to Truesdell, and that he had confessed to the agent of the company that he had taken the package and used the money. There was also evidence that a package containing the same amount was subsequently received at the Chicago office of the company.

The defendant requested the following instructions,. among others :

2. If the jury find from the evidence that the conversion

of the $40.00 was not committed in Hennepin county, beyond a reasonable doubt, the defendant must be found not guilty; and it is not sufficient that it was received in Hennepin county, but the proof must show the conversion in Hennepin county; which was refused, and defendant excepted.

6. A servant of a person, to whom money is given to convey to a given point, place, or person, is not guilty of conversion by merely delaying his delivery, but a demand by the owner or consignee must be made, and a fraudulent refusal to pay or deliver the money, before it can be made a conversion in law. This instruction was given, and the court further charged the jury "that if the jury find that there was an actual embezzlement and fraudulent appropriation of the money by the defendant, the return of the property, by the subsequent forwarding of a package of the same amount, would not condone the offence, though no formal demand had been made before such return," to which charge the defendant excepted.

The defendant was convicted, and appealed to this court.

*W. A. Gorman*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

BERRY, J. Section 23, ch. 95, Gen. St., enacts that * * * "if any clerk, agent, or servant, * * * of any copartnership, except apprentices and other persons under the age of sixteen years, embezzles or fraudulently converts to his own use, * * * without consent of his employer, * * * any money or property of another, which has come into his possession, or is under his care by virtue of such employment, he shall be deemed to have committed larceny."

1. By the indictment in this case the defendant is "*accused*," by the grand jury, "of the crime of larceny, committed as follows," the indictment thereupon proceeding to state facts bringing the defendant within the statute above quoted. The effect of this statute is to make the

acts therein specified larceny, and the accusation of the indictment is, therefore, strictly correct. *Com.* v. *Simpson,* 9 Met. 138. It was, of course, necessary to set out the acts constituting the species of larceny of which defendant was found by the grand jury to be guilty, as was done in this instance.

2. The verdict was as follows: (Title.) " The jury in this case find the defendant, Thomas New, guilty. We also find the value of the property embezzled to be forty dollars." The verdict is entirely consistent and proper. It finds the defendant guilty of larceny, as charged in the indictment, and that the amount of the money embezzled, as charged in the indictment — *i. e.,* so as to constitute larceny — is $40.00.

3. The indictment alleged that the embezzlement and conversion with which defendant was charged were committed in Hennepin county. The evidence showed that he received the money from his employer in that county, and that he never handed it over or accounted for it, as it was his duty to do, but appropriated it to his own use without authority. Where he made the appropriation did not affirmatively appear. Without now determining where the offence would, in law, have been deemed to have been committed, if it had appeared that the unlawful appropriation had been made in Ramsey county, it is sufficient at this time to say that when it is considered that there was no evidence that defendant carried the money out of Hennepin county, or made the unlawful appropriation of it in any other place, the evidence of its receipt by defendant in that county, and of his unexplained failure to hand it over or account for it, is at least *prima facie* evidence that the offence charged was committed in Hennepin county. The impracticability of any other rule, in prosecutions for an offence of this kind, will be obvious upon a moment's reflection.

It follows, also, that defendant's request that the jury should be instructed that it is not sufficient that the money was received by defendant in Hennepin county, " but the

proof must show the conversion in Hennepin county," was properly refused. The instruction requested would naturally convey to the jury the erroneous idea that some *affirmative* proof of conversion was required in addition to proof of the receipt of the money in Hennepin county, whereas, if, as in this case, there was no evidence that defendant carried the money out of Hennepin county, or made the unlawful appropriation of it in any other place, the negative evidence of his unexplained failure to hand it over or account for it would be *prima facie* sufficient upon the question of venue, to which question the instruction referred.

4. The indictment charges the commission of the offence upon August 20, 1873. Under this allegation of time it was competent to show the commission of the offence upon July 25, 1873, under the common law rule (adopted in Gen. St. ch. 108, § 7,) that allegations of time need not, in general, be proved as laid. So far as this rule permits proof of an offence committed before the time stated in the indictment, Gen. St. ch. 108, § 23, which allows proof of embezzlement committed within six months after such time, does not affect or profess to affect it.

5. The point that the only evidence of a conversion of the money is the confession of defendant, and that this, by Gen. St. ch. 73, § 93, is insufficient to support his conviction, overlooks the evidence (outside of the confession) showing defendant's receipt of the money, and his failure to hand over or account for the same.

6. There is no inconsistency between the sixth instruction, given at defendant's request, and the subsequent instruction given by the court upon its own motion. The former refers to a case of mere delay on the part of a servant to deliver money entrusted to him for delivery; the latter, to an "actual embezzlement and fraudulent appropriation" of such money. To constitute a conversion, a demand and refusal might be necessary in the former case, but not in the latter. *Com.* v. *Cullen,* 111 Mass. 435.

Judgment affirmed.