## STATE *vs.* JACOB IRVING DAVIS.

## STATE *vs.* ALFRED W. QUIGG.

### JANUARY 18, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Indictment.   Embezzlement.   Accessory.*

While Gen. Laws, 1909, cap. 345, § 18, expressly refers only to the form of an indictment against the principal in the crime of embezzlement (permitting the offence to be alleged generally without specifying any particulars), as a result of the rules of criminal pleading applicable to the prosecution of a principal and an accessory before the fact in the same indictment, the section applies to such an indictment and affects the form thereof.

*(2)   Indictments.   Embezzlement.*

Since at common law there was no crime of embezzlement there is no common law form of an indictment for embezzlement.

*(3)   Indictments.   Embezzlement.   Continuing Offence.*

Gen. Laws, 1909, cap. 345, § 18, permitting the crime of embezzlement to be charged generally without specifying any particulars and on the trial allowing evidence to be given of any such embezzlement committed within six months next after the time stated, did not have the effect of rendering invalid an indictment wherein the particulars are set out.

*(4)   Indictments.   Embezzlement.   Bill of Particulars.*

Where in an indictment under Gen. Laws, 1909, cap. 345, § 18, charging embezzlement in general terms, the defendant is not informed of the act or acts intended to be proved against him, his remedy is by a motion for a bill of particulars.

*(5)   Indictments.   Embezzlement.   Bill of Particulars.   Continuing Offences.*

In an indictment drawn under Gen. Laws, 1909, cap. 345, § 18, if the bill of particulars discloses an intent to offer proof of different acts within the six months next after the date named, no evidence could be offered outside of that period, but if it discloses the intention to prove a single act it is unimportant whether the act be before or after the date named.

*(6)   Indictments.   Embezzlement.   Continuing Offences.*

The giving of evidence of different and cumulative acts of embezzlement under Gen. Laws, 1909, cap. 345, § 18, assuming it to be allowable, is merely permissive, and does not affect the proof of a single act of embezzlement allowed to be charged in general terms in the indictment, by virtue of that section, and therefore an indictment properly drawn under this section would not of itself indicate whether the crime charged consisted of a single act or of a number of fraudulent takings within a period of six months combined and treated as one offence.

*(7) Indictments. Embezzlement. Continuing Offences.*

Where indictments under Gen. Laws, 1909, cap. 345, § 18, against a principal and accessory before the fact, alleged in general terms an embezzlement by the principal and showed by the bills of particulars an intent to prove embezzlement by him from time to time, during the periods covered by the indictments, they did not charge a continuing offence subject to one prosecution only, and one penalty up to the time of the bringing of the indictment.

*(8) Indictments. Continuing Offences.*

In a continuing offence there can be but a single prosecution.

*(9) Embezzlement.*

The taking as a single act at the same time and place of one or several articles constitutes a distinct offence of embezzlement.

*(10) Indictments. Embezzlement. Continuing Offences.*

Under Gen. Laws, 1909, cap. 345, § 18, the words "evidence may be given of any such embezzlement committed within six months" permit the proof of different takings within such period as constituting one offence for the purpose of permitting a conviction based on the aggregate amount thus taken, but this does not constitute the offence a continuous one.

*(11) Indictments. Embezzlement. Accessory.*

In charging acts of embezzlement extending over a period of five years, some in every six months, at least ten indictments are permitted by Gen. Laws, 1909, cap. 345, § 18. These ten indictments are separate proceedings.

*(12) Indictments. Embezzlement. Accessory.*

While Gen. Laws, 1909, cap. 345, § 18, is applicable to the *form* of the indictment against a principal and accessory it does not equally apply to the *proof* of their different offences. The offence of the accessory naturally precedes that of the principal and must be so alleged and proved.

*(13) Indictments. Embezzlement.*

A defendant may be *charged* as an accessory before the fact to an offence of embezzlement, where it appears that the acts of embezzlement covering the period of six months following the date laid in the indictment form part of a series of acts of embezzlement of the same character begun prior to and covering a period preceding and up to the date laid in the indictment.

INDICTMENTS. Certified on questions of law under Gen. Laws, 1909, cap. 298, § 5.

BAKER, J. These are ten indictments for embezzlement against Jacob Irving Davis as principal and Alfred W. Quigg as accessory before the fact. They were all presented by a grand jury empanelled by the Superior Court, sitting at Providence, in said State.

The first indictment, Ex. &c., No. 4750, charges Davis on the second day of November, A. D. 1907, with embezzling money from the Grand Lodge of the Ancient Order of the United Workmen of Rhode Island, a corporation of which he was an officer, clerk or agent, to the amount and value of four thousand dollars. The indictments are identical in form except that in the second and each succeeding indictment the date of the commission of the offence is laid exactly six months later than in the preceding indictment.

The record shows that Davis pleaded guilty to each indictment on October 7, 1912, and that on December 3, 1912, on each indictment he was sentenced and committed to the state prison. A motion to dismiss the indictment was made in each case by the defendant, Quigg, which motions were heard in the Superior Court, but before decision thereon five questions of law were certified to this court under the provisions of Section 5 of Chapter 298 of the General Laws, as follows:

1. Do the provisions of Section 18 of Chapter 345 of the General Laws of Rhode Island apply to a case where the defendant is charged not as a principal, but as an accessory before the fact to an embezzlement?

2. Is the crime of embezzlement as contemplated by Section 18 of Chapter 345 of the General Laws in providing that the indictment may allege generally an embezzlement without specifying any particulars, and in providing that proof of a general character shall sustain such allegation, a continuing offence in the sense that only one indictment will lie for successive takings or conversions from the same person up to the time of the bringing of the indictment?

3. Does the indictment in this case, alleging as it does an embezzlement by the principal offender of money to a certain amount without specifying any particulars of such embezzlement and charging the accused as an accessory before the fact to such embezzlement and showing by its bill of particulars an intent to prove embezzlement by the principal from time to time of money and property during the

period covered by this indictment, amounting to an aggregate sum exceeding five hundred dollars, and that the accused as such accessory before the fact received all the money and property to the embezzling of which he was accessory in different amounts from time to time, charge a continuing offence subject to one prosecution only and one penalty up to the time of the bringing of the indictment?

4.   Assuming that either question 2 or question 3 is answered in the affirmative, or that both said questions are so answered, does it follow that the present indictment is bad?

5.   Can the defendant be charged as an accessory before the fact to an offence of embezzlement where it appears that the acts of embezzlement covering the period of six months following the date laid in the indictment form part of a series of acts of embezzlement of the same character begun prior to and covering a period preceding and up to the date laid in the indictment?

To properly understand these questions and their relation to the indictments as affecting the question of the validity of the latter it will be convenient to refer to and to cite portions of the statutes and of the records in these cases.

Section 16 of Chapter 345 of the General Laws describes who may commit embezzlement and of what property, and how the crime may generally be punished. Section 17 of the same chapter provides for the punishment of embezzlement by an officer of a bank or trust company. Section 18 is as follows: "Sec. 18. In prosecutions under the preceding two sections it shall be sufficient to allege generally in the indictment, or complaint, an embezzlement, fraudulent. conversion, taking or secreting with such intent, or an embezzlement or appropriation with intent to cheat or defraud, as the case may be, of money to a certain amount, or property of a certain value, without specifying any particulars of such embezzlement; and on the trial evidence may be given of any such embezzlement, fraudulent conversion or appropriation, or taking or secreting with intent so to embezzle or fraudulently convert, committed within six

months next after the time stated in the indictment or complaint, and it shall be sufficient to maintain the charge in the indictment or complaint, and shall not be deemed a variance, if it is proved that any bullion, money, notes, bank notes, check, draft, bill of exchange, or other security or money or other property of such person, co-partnership, incorporated bank or company or other body corporate, of whatever amount, was fraudulently embezzled, appropriated or converted, or taken or secreted with intent to so embezzle or convert, by the person being prosecuted, within said period of six months."

(1)    The defendant, Quigg, is indicted under Section 2 of Chapter 350 of the General Laws.   It is as follows:   "Sec. 2. Every person who shall aid, assist, abet, counsel, hire, command, or procure another to commit any crime or offence, shall be proceeded against as principal or as an accessory before the fact, according to the nature of the offence committed, and upon conviction, shall suffer the like punishment as the principal offender is subject to by this title."

Each one of the indictments is in a single count and the crime against Davis as principal is in each case set out in accordance with the provisions of said Section 18.

In the first indictment the charge against Quigg is set out in these words:   "and the jurors aforesaid upon their oaths aforesaid do further present that Alfred W. Quigg, of Pawtucket, in the aforesaid county of Providence, before said felony and larceny was committed by the said Jacob Irving Davis in form aforesaid, to wit, on the first day of November, in the year of our Lord one thousand nine hundred and seven, at said Providence, in the aforesaid county of Providence, did feloniously and maliciously aid, assist, abet, counsel, hire, command and procure the said Jacob Irving Davis, the said felony and larceny in manner and form aforesaid to do and commit, whereby and by force of the statute, in such case made and provided, the said Alfred W. Quigg is deemed to be an accessory before the fact to said felony and larceny against the form of the statute in such

case made and provided and against the peace and dignity of the State." This form is used in each indictment, the only variation in the language being as to the date of the alleged offence of the accessory. We shall be aided in understanding the significance and bearing of this question by quoting the first ground for dismissing the indictment as it is alleged in each motion to dismiss. It is as follows: "First: because the indictment is fatally defective in that it does not contain material averments charging this defendant with any offence according to the forms of the common law and because there is no statute which permits a person to be charged as an accessory before the fact to any crime in any other manner than according to the strict forms and averments of the common law."

It is obvious that the first question relates to the validity of these indictments as to the defendant, Quigg. His claim is that Section 18 of Chapter 345 refers only to the principal committing the crime of embezzlement and that in consequence a complaint or indictment against one as an accessory before the fact in order to be valid must therein charge the principal with the crime "according to the strict forms and averments of the common law." Question 1, therefore, as above stated, is important only as its answer will aid in determining the validity or invalidity of these indictments as to the defendant, Quigg.

We are of the opinion that the reasonable construction of Section 18 of Chapter 345 by the language "in prosecutions under the preceding two sections" has reference only to complaints and indictments against the principal in the crime. If this be so, the defendant, Quigg, claims that as to him the indictments are fatally defective and that he is not properly charged with any crime.

(2)    He states in his brief, and correctly, that "at the common law there was no crime of embezzlement;" that it "is an offence created by statute." There is therefore no common law form of an indictment for embezzlement. In Volume 7 of Encyc. Pl. & Pr. 415, it is said respecting embezzlement:

"The offence being statutory the sufficiency of the indictment is to be tested, not by the rules of the common law, but by the requirements of the particular statute upon which it is bottomed and the practitioner is particularly cautioned as to the danger of following forms and precedents based upon statutes other than his own." See Bishop's New Crim. Procedure, Vol. 3, pp. 1412, *et seq.* and p. 1424, on which it is stated. "The indictment must cover the statute on which it is drawn; it ordinarily need do no more." See, also, 15 Cyc. 510, 511.

It is undoubtedly true that prior to the passage of statutes similar to said Section 18 in an indictment for embezzlement the description of the property taken and its ownership were required to be set out with the same degree of particularity as was required respecting such allegations in charging the common law crime of larceny. Wharton's Crim. Law, Vol. 1, Sec. 1044. We assume therefore that the claim that the crime should have been set out "according to the strict forms and averments of the common law" comes to this: that inasmuch as the form of the indictment adopted in the cases before us is expressly authorized only in the indictment of a principal, a person prosecuted as an accessory before the fact has the right to require that in the indictment against him the crime alleged to have been committed by the principal should be set out with the same particularity that would have been necessary before the passage of said Section 18. We think the defendant misconceives the requirements of a valid indictment against an accessory before the fact. Chitty on Crim. Law, Vol. 1, *p. 272, says: "It is both usual and proper to include them" (the principal and accessory) "in the same indictment." . . . "Where the parties are thus joined in the same proceeding the proper course is first to state the guilt of the principal as if he alone had been concerned; and then in case of accessories *before* the fact, to aver that C. D. late of &c.," (the procurer) "before the committing of the said felony" (here follows the charge against the accessory substantially as set out in

the present cases).   See, also, Bishop's New Crim. Procedure, Vol. 3, 1225, 1226; Archibald's Crim. Pr. & Pl. (8th Ed.), Vol. 1, pp. 65, 71; Wharton's Crim. Law, Vol. 1, Sec. 238 and cases under note 3.    "All the material averments of an indictment against the principal must be embodied in the indictment of an accessory before the fact and the same particularity is required."    22 Cyc. 360.   See, also, *Com.* v. *Kaas,* 3 Brewster, (Pa.) 422, 425; *Ray* v. *State,* 145 S. W. Rep. (Ark.) 881; *Tully* v. *Commonwealth,* 11 Bush. (Ky.) 154, 158; *State* v. *King,* 88 Minn. 175.    "The whole allegation constitutes only one count with one conclusion, not two."    Bishop's New Crim. Procedure, Vol. 3, 1224.   The rule deducible from what precedes is that in an indictment against both principal and accessory it is only necessary that as to the principal the indictment should allege the facts constituting the felony with the same degree of certainty and particularity *as if he were indicted alone.*   In the present case there is no claim or suggestion that the indictment would be defective in form as against Davis if he were indicted alone.   There is further, no claim that the portion of the indictment charging Quigg as an accessory is in any way defective.   It is in the language of Sec. 2 of Chap. 350. As to this see *State* v. *Sprague,* 4 R. I. 257, 266.   It follows therefore that, while Section 18 of Chapter 345 expressly refers only to the form of a complaint or indictment against the principal in the crime of embezzlement, as a result of the rules of criminal pleading applicable to the prosecution of a principal and an accessory in the same indictment, said section does apply to such an indictment and does affect the form thereof.   The question is answered in the affirmative.   It follows that the indictments now under consideration are not defective as the defendant, Quigg, claims,

(3)      The meaning of question 2 is not entirely clear.   That is to say, does it seek to ascertain whether or not an indictment for embezzlement, properly drawn in the form permitted by said Section 18 indicates by its form that it is applicable

only to the crime when it consists of a number of acts combined and treated as one offence, (if this be permissible) and whether such offence is a continuing one, or is its purpose simply to ascertain whether said section contemplates under such an indictment the inclusion of the type of the crime, just described, as well as some other form of the crime?

Defendant's brief on page 24 says: "Embezzlement may consist of a single and specific act;" . . . "or of a continuous series of acts resulting in an aggregated defalcation, in which latter case it constitutes a continuing offence." And on page 30, it says: "If the State resorts to the aid of this section in prosecuting a person for embezzlement, it is obliged to treat the offence as a continuing one." These statements show that in claiming that these indictments charge continuing offences the defendant bases such claim on the further claim that the indictments by their very form indicate that the crime charged consists of a number of acts consolidated and treated as one. We will treat the second question as involving, first of all, the inquiry of whether or not the claim last referred to is correct. If this inquiry be answered in the negative, the second question itself must be so answered.

Whether or not a number of fraudulent takings may be combined and be charged and treated as one offence in an indictment for embezzlement and if so, whether or not such a crime is a continuing offence will be more fully discussed in considering the third question. There is no reason to infer that Section 18 had the effect of rendering invalid the form of indictment hitherto used wherein "the particulars of such embezzlement" were set forth. The section neither expressly nor impliedly does this. It permits a change in that a general allegation in an indictment of embezzlement of money is made sufficient "in prosecutions under the preceding two sections." The preceding two sections 16 and 17 cover *all* embezzlements and crimes in the nature of embezzlement punishable under our statutes,

as no exception is made in Section 18 as to prosecutions under them. It is obvious therefore that an indictment properly drawn in accordance with said Section 18 would not of itself indicate whether the crime charged consisted of a distinct and single act of embezzlement or of a number of fraudulent takings within a period of six months combined and treated as one offence assuming such combination permissible. Such an indictment is applicable to either form of offence. In *State* v. *Cushing,* 11 R. I. 313, the offence charged against Cushing was as accessory before the fact in embezzlement and the form of indictment was similar to those in the present cases. ·The date named for the commission of the offence of embezzlement was June 1, 1869. A single act of embezzlement was shown commenced September 21 and completed September 24, 1867, and the conviction of the defendant therefor was upheld. ·There was no attempt to show any embezzlement within the six months after the date named in the indictment. See, also, *State* v. *New,* 22 Minn. 76, 80.

In *People* v. *Hanaw,* 107 Mich. 337, the embezzlement of one check was alone charged in the bill of particulars under an information similar in form to these indictments, but whether the taking was before or after the date named in the indictment does not appear. It is true that similar statutes have been held to exclude evidence of acts of embezzlement before the time stated in the indictment. *People* v. *Donald,* 48 Mich. 491, 493; *State* v. *Cornhauser,* 74 Wis. 42, 44. Such seems to be the view in *State* v. *Holmes,* 65 Minn. 230, 234, as to the substantive offence, although such evidence is held permissible to show intent. See therein reference to *State* v. *New, supra.* The real difficulty under an indictment alleging the crime in general terms lies in the fact that the accused is not informed of the act or acts intended to be proved against him. His remedy in such case is by a motion for a bill of particulars. *State* v. *Cushing, supra,* 316; *People* v. *McKinney,* 10 Mich. 54, 93, 94; *People* v. *Hanaw,* 107 Mich. 337; *Thalheim* v. *State,* 38 Fla., at pages

.180 and 181, and cases there cited; Bishop's New Crim. Procedure, Vol. 1, Sec. 845.

(5)   If the bill of particulars shows the intention of the State to avail itself of Section 18 as to proof of different acts of embezzlement within the six months next after the date named therein (if this be allowable )as the effect of a bill of particulars is to confine the proof to the particulars specified therein, the State could offer no evidence outside of said six months as proof of the substantive offence charged. But if the bill discloses the .intention to prove a single act of embezzlement, clearly specified, it would seem to be unimportant whether that act be before or after the date named. In *State* v. *Cushing, supra,* on page 316, the court says: "The day named in the indictment  .    .    .    as the day of the commission of the offence, was not material and the government was at liberty to prove its commission upon any other day before the finding of the indictment as well as on that day." As already shown in that case the act of embezzlement was prior to the date named. Of course the giving of evidence of different and cumulative acts of embezzlement if allowed by Section 18, is only permissive. There appears to be no necessity or good reason for holding that a mere permission to prove as one offence a combination of acts of embezzlement committed within a period of six months, should affect the proof of a single embezzlement allowed to be charged in general terms in the indictment. The limitation as to time goes with and qualifies the right to combine. We think the cases referred to go too far in excluding in all instances proof of the offence prior to the date named and believe that *State* v. *Cushing* affords a more reasonable interpretation of the statute.

If the form of indictment in the cases now considered is applicable to all cases of embezzlement, as already stated, it is plain that it does not exclusively contemplate or apply to any particular form of embezzlement. Assuming for the occasion that there is a form of embezzlement entitled to be characterized as a continuing offence, the form of the

indictment may include that, but does not exclude other forms of the offence. It can not be said therefore that such an indictment simply contemplates and refers to a continuing offence and this being so, the second question is answered in the negative.

(7)    In all of these ten cases in response to motions of the defendant bills of particulars have been filed. They are the same in each case. The third question includes in substance as part thereof item "first" of the bill of particulars. The purport of this question is, do these indictments alleging in general terms an embezzlement of money by the principal and showing by the bills of particulars an intent to prove embezzlement by him from time to time during the period covered by the indictment charge a continuing offence subject to one prosecution only and one penalty up to the time of the bringing of the indictment?

This question requires some consideration of the character of the crime of embezzlement, and as to what effect, if any, Section 18 has thereon particularly as to its becoming in consequence a continuous offence. The general rule is well established that in a continuous offence there can be but a single prosecution. One prosecution in such a case for a section or a part of the things taken absorbs the offence. The transaction cannot be split up into a series of cases. Wharton's Crim. Law, Vol. 1, Secs. 27 and 931; *State* v. *Martin*, 23 R. I. 143, 146; *In re Snow*, 120 U. S. 274. In the case last cited the offence of cohabiting with more than one woman was charged; on page 281, the court says: "The offence of cohabitation, in the sense of this statute, is committed if there is a living or dwelling together as husband and wife. It is, inherently, a continuous offence, having duration; and not an offence consisting of an isolated act." This citation points out the ordinary and essential characteristic of a continuous offence.

This question as to "continuing offences" becomes important because there are ten indictments here covering successive periods of six months, in all five years. The

crime of embezzlement resembles in many particulars the
common law crime of larceny.   In this country it is generally
held that the taking as a single act at the same time and
place of one or several articles constitutes a distinct offence
of larceny.   12 Ency. Pl. & Pr. 1006.   The law of embezzle-
ment in this respect is the same as to larceny.   *Com.* v.
*Pratt,* 137 Mass. 98, 108; *Ricord* v. *C. P. R. R. Co.,* 15 Nev.
167, 181.   It has been held in Massachusetts, following the
English rule, that "the taking of divers articles at one time
may be treated as constituting a distinct larceny of each
article taken."   *Com.* v. *Butterick,* 100 Mass. 1, 9; 2 Russell
on Crime, 4th Eng. Ed. 127; 2 Hale P. C. 246; *Reg.* v. *Brettel,*
C. & M. 609, 41 E. C. L. 331.   It is clear that up to the
passage of statutes of which Section 18 is a type, each
fraudulent taking by a servant or agent constituted a distinct
offence of embezzlement.   In considering Section 18 as
affecting this offence it may be worth while to examine
briefly its history.   The first statute of this kind was enacted
in England in 1827.   See 7 and 8, George IV, C. 29, Secs.
47 and 48.   Section 47 relates to the "punishment of embez-
zlements committed by clerks and servants."   Section 48 is
as follows:   "And, for preventing the difficulties that have
been experienced in the prosecution of the last mentioned
offenders, be it enacted, That it shall be lawful to charge in
the indictment and proceed against the offender for any
number of distinct acts of embezzlement not exceeding
three, which may have been committed by him against the
same master, within the space of six calendar months from
the first to the last of such acts; and in every such indict-
ment"   .   .   .   "it shall be sufficient to allege the em-
bezzlement to be of money without specifying any particular
coin or valuable security; and such allegation, so far as
regards the description of the property, shall be sustained, if
the offender shall be proved to have embezzled any amount,
although the particular species of coin or valuable security
of which such amount was composed shall not be proved."
.   .   .   With the omission of the prefatory statement of

the purpose thereof, these two sections were enacted practically verbatim in Massachusetts in 1834. See laws for that year, Chapter 186, §§ 1 and 2. In the Revision of. 1836, Section 2 of Chapter 186 became Section 10 of Chapter 133, with certain alterations, including its being extended to apply to other persons than clerks and servants and the dropping of the provision for "any number of distinct acts of embezzlement not exceeding three" and substituting in lieu thereof the provision that on the trial evidence may be given of any such embezzlement committed within six months next after the time stated in the indictment. This particular provision of the laws of 1836 of Massachusetts has been adopted by several states, including Michigan, Wisconsin, Minnesota, Florida and Rhode Island. It was, in its essential provisions, enacted by the General Assembly of this State as Chapter 556 of the Public Laws in January, 1865, said chapter now being Section 18 of Chapter 345 of the General Laws. The English act is stated to be for the express purpose of preventing the difficulties hitherto experienced in the prosecution of embezzling clerks and servants. The difficulties were and are inherent in a situation wherein a person by virtue of his employment receives from time to time property of his employer and having it in his lawful custody violates the trust reposed in him and secretly converts money or its equivalent to his own use. The fact of the conversion is at some time afterwards ascertained, but precisely what was taken and when it was done is probably only known to the offender himself. Therefore when the prosecution is compelled to select and prove the taking of some definitely described property at any particular time it is required in many instances to do what is impossible, although the fact of the felonious taking of some property at some time is beyond question. A significant feature of the English statute for the removal of these difficulties is the provision for charging three distinct crimes as one and of sustaining the charge by proof of any or all the three distinct acts. The privilege of combining three distinct acts in one

indictment is solely for the purpose of facilitating the administration of justice in the prosecution and punishment of criminals. The words "three *distinct* acts" contain not the remotest suggestion of the idea of continuity as the reason for consolidating them. The only reason expressed is that contained in the preamble to Section 48, namely, the overcoming the difficulties of former methods of pleading and procedure. In Section 18, the provision for charging three distinct acts of embezzlement is omitted and instead there is apparently a recognition and extention of the principle of combining acts otherwise distinct in the provision that "on the trial evidence may be given of any such embezzlement" . . . "committed within six months next after the time stated in the indictment or complaint," which implies that one date and one only must be named in the indictment. Whether or not any number of acts of embezzlement may be proved under an indictment properly found under Section 18 of Chapter 345, or whether only a distinct act of embezzlement can be shown has not been passed upon by this court. In *Com.* v. *Wyman*, 8 Met. (Mass.) 247, 259, the question was evidently raised, but it was not decided as the case went off on another point. In *Com.* v. *Bennett*, 118 Mass. 443, 453, the court upheld a ruling of the lower court that under such an indictment "the defendant could be convicted of only one act of ambezzlement, but evidence of his other acts was competent on the question of intent." See, also, *Com.* v. *Parker*, 165 Mass. 526. Of course, that view if adopted, affords no basis for the claim that embezzlement is a continuous offence in any circumstances. But in *State* v. *Holmes*, 65 Minn. 230, 234, the court says, after referring to *Com.* v. *Bennett, supra*, "In view of the language of the statute as well as the difficulties which it was intended to remove we are unable to concur in this view. We think its manifest meaning is to allow as proof of the substantive offence evidence of all acts of embezzlement from the same employer committed within the six months next after the time stated, and the conviction of the defendant of the

embezzlement of the whole amount." See, also, *Secor* v. *State*, 118 Wis. 621, 632; *People* v. *Hawkins*, 106 Mich. 479, 487, 488 and *Ker* v. *People*, 110 Ill. 627, 646. The Illinois statute is similar to our own and provides that "evidence of any such embezzlement" may be given, but omits the provision limiting such evidence to the six months after the date named in the indictment. In view of the purpose of such statutes we think that the words "evidence may be given of any such embezzlement committed within six months" should be construed as permitting the proof of different takings within such period as constituting one offence for the purpose of permitting a conviction based on the aggregate amount thus taken and that such construction is supported by the greater weight of authority. But in adopting this view we do not regard such an offence as a continuous one. As stated, Section 18 is simply a modification of procedure in order to make more certain the conviction of embezzlers. If under such an indictment and a bill of particulars charging an intention to prove two or more takings a continuing or continuous offence is charged, then, as has already been shown, the result would be that in the case of an offender whose peculations extend over several years the State would by virtue of this very statute be prevented from prosecuting him other than for embezzlements committed within some particular six months selected from the entire period. This would defeat rather than carry out the purpose of such statutes. The very limitation as to the giving of evidence for a period of six months seems to negative the claim of a continuous crime. If it in fact be continuous, why should not the State be permitted to show so far as the statute of limitations may permit the entire peculations of the offender? The assumption that the State has tied its own hands in endeavoring to provide greater freedom of action is not necessary. We think the difference between crimes inherently continuous and crimes essentially distinct and individual in character, but which are within certain limitations permitted to be consolidated and treated

as one, is clearly set forth *In re Henry*, 123 U. S. 372. This case arose under Section 5480 of the Revised Statutes of the United States which is for the prevention of the fraudulent use of the mails. It provides, among other things, that "the indictment, information or complaint may severally charge offences to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence." . . . There had been two indictments and convictions thereunder for acts of misuse committed within the same six months. The court says: "We are unable to agree" . . . "that there can be but one punishment for all the offences committed by a person under the statute within any one period of six calendar months." . . . "'Each letter so taken out or put in constitutes a separate and distinct violation of the act.' It is not as in the case of *In re Snow*, 120 U. S. 274, a continuous offence, but it consists of an isolated act, and is repeated as often as the act is repeated. It is, indeed, provided that three district offences committed within the same six months may be joined in the same indictment; but this is no more than allowing a joinder of three offences for the purpose of a trial." . . . "That is the whole scope and meaning of the provision and there is nothing whatever in it to indicate an intention to make a continuous offence, and punishable only as such, out of what without it would be several distinct offences, each complete in itself." In *Howard* v. *U. S.* 75 Fed. Rep. 986, the defendant was convicted under eight indictments for violating said Section 5480 and was sentenced on each indictment. We think the present cases are clearly distinguishable from the maintenance of a common nuisance, practicing dentistry or being a common gambler. In such cases continuity is the gist of the offence. *State* v. *Smith*, 35 R. I. 285, 288; *State* v. *Martin*, 23 R. I. 143, 146; *State* v. *Groves*, 21 R. I. 252, *State* v. *Melville*, 11 R. I. 417. Even in offences of this kind indictments covering definite successive periods named have been declared to be permissible. *Com.* v. *Connors*, 116 Mass. 35.

See, also, *State* v. *Martin, supra; State* v. *Melville, supra; People* v. *Gault,* 104 Mich. 575, which was a case of keeping liquor for sale illegally.

*Secor* v. *State, supra,* and *People* v. *McKinney, supra,* are both embezzlement cases. They are in point here, being indictments under statutes like our own, both as to the fact that the crime is not a continuous one and also as to bringing separate indictments. In *Secor* v. *State,* there was a single indictment with two counts, which were identical except as to the amounts taken and to the dates which were six months apart. Separate verdicts on each count were upheld. In *People* v. *McKinney,* there was one indictment containing eight counts, each for the embezzlement of four thousand dollars on different dates, all included within a period of six months. On page 95, the court says: "Where the several offences·charged, though distinct in point of law, yet spring out of substantially the same transaction, or are so connected in their facts as to make substantially parts of the same transaction, or connected series of facts, the defendant cannot be prejudiced in his defense by the joinder, and the court will neither quash nor compel an election." If the several counts can be joined in the same indictment and a separate verdict brought in on each count there can be no reason why separate indictments instead of separate counts are not permissible. See *Howard* v. *U. S., supra,* 990; Bishop's New Criminal Procedure, Vol. 1, Secs. 421, 422. In some of the cases cited by the defendant expressions are used in reference to the crime of embezzlement which indicate a conception of continuity as a characteristic of crime. In *State* v. *Reinhart,* 26 Ore. 466, 481, and *State* v. *Dix,* 33 Wash. 405, 411, the very expression "continuing offence" is used. In *Brown* v. *The State,* 18 Ohio St. 496, 513, "a continuous series of conversions" is used and in Underhill on Criminal Evidence, Sec. 289, the words are "a continuous series of acts or conversions." The fault in these expressions, as it seems to us, lies in carrying the idea of continuity characteristic of the continuous service or employ-

ment of the servant or agent over into his separate and distinct acts of embezzlement committed at different times within the period of such service or employment. In these states there is no limitation of six months as to the production of evidence, and their statutes are otherwise unlike our own. In these circumstances the cases last referred to are not to be accepted as authorities in prosecutions under our statute. We are therefore of the opinion that the third question should be answered in the negative. And for the reasons given in answer to this question the second question should receive the same reply, however broadly that question may be interpreted.

As neither question 2 nor question 3 has received an affirmative reply question 4 requires no answer.

(11)    The importance or relevancy of the fifth question to these indictments is not readily apparent. After assuming that the acts of embezzlement covering the period of six months following the date named in each indictment form part of a series of acts of embezzlement of the same character begun prior to and covering a period preceding and up to the date named in each said indictment the inquiry is—Can the defendant be charged (presumably in such indictment) as an accessory before the fact to the crime of embezzlement? As to the indictment covering the first period of time named, Ex. &c., No. 4750, there is no basis whatever for the assumption that there were acts of embezzlement prior to November 2, 1907, the date named in that indictment. The question therefore cannot refer in any way to that indictment. Inasmuch as these ten indictments together cover five years in periods of six months for each indictment, it is obvious that the acts of embezzlement charged to have been committed in any one of the indictments, other than in Ex. &c., No. 4750, follow in point of time similar acts of embezzlement charged to have been committed in some other indictment. But the assumption in the question that all of these acts, if proven, form "part of a series of acts" in the sense that they are connected or are part of the same offence is

not warranted by anything appearing in the indictments. They charge ten separate offences as having been committed on as many different dates In charging acts of embezzlement extending over a period of five years, some in every six months, at least ten indictments are permitted by Section 18 of Chapter 345. The only argument of the defendant as to question 5 remaining to be considered is the claim that if Section 18 is applicable to an indictment against an accessory before the fact the "proof of the offence of such accessory must follow the date laid in the indictment." This is plainly an error. While Section 18 is applicable, as already stated, to the *form* of the indictment against a principal and accessory, it does not equally apply to the *proof* of their different offences. In the latter respect the section applies to the proving of the crime of the principal, but from the nature of the case does not apply to that of the accessory. His offence naturally precedes that of the principal and must be so alleged and proved. These ten indictments are separate proceedings and are to be considered each by itself. The question is—Can the defendant be *charged* as an accessory before the fact under the conditions described in the question? We see no reason why he cannot be so charged. The proof of the charge remains, of course, to be shown at the trials under the indictments. We accordingly answer the fifth question in the affirmative.

Having thus answered the questions certified to us in the cases at bar, we send back the papers in each case with our decision certified thereon to the Superior Court for the counties of Providence and Bristol for further proceedings.

*Livingston Ham, Assistant Attorney General,* for State.
*Philip S. Knauer, Joseph J. Cunningham,* for defendant.
*Walter J. Ladd,* of Counsel.