PARKER B. SMITH,

PETITIONER FOR WRIT OF ERROR.

Knox.    Opinion, January 5, 1946.

*E. S. Roberts*, for the petitioner.

*Ralph W. Farris*, Attorney General.

*Abraham Breitbard*, Deputy Attorney General, for the State.

SITTING: THAXTER, HUDSON, MANSER, MURCHIE, JJ. AND CHAPMAN, ACTIVE RETIRED JUSTICE.

MURCHIE, J. Petitioner's exceptions to the dismissal of his writ of error involve the construction of R. S. 1930, Chap. 131, Sec. 10 (now R. S. 1944, Chap. 119, Sec. 9), on the single point as to whether the words "or any part thereof" preclude the possibility of sentencing a defaulting executor under separate counts of a single indictment for two embezzlements from one estate.

The first sentence of the statute traces back directly to P. L. 1893, Chap. 241, although the closing words "and shall be punished accordingly" were added to the original language thereof in the statutory revision of 1903, infra, and have ever since appeared therein. In its essential parts it reads:

> "Whoever embezzles . . . money, goods or property delivered to him, or any part thereof, . . . shall be deemed guilty of larceny. . . ."

Petitioner was convicted of the embezzlement of separate lots of bonds held in the estate of one Ella M. Foss on March 10 and April 11, 1942, representing $25,000 and $10,000 respectively. He was sentenced to not less than two years nor more than three years on one count and not less than one year nor more than two years on the other, the second sentence by its express terms to commence at the expiration of the first. The form of sentence is

in accordance with established practice, *Breton, Petitioner*, 93 Me., 39, 44 A., 125, 74 Am. St. Rep., 335, if the convictions relate to distinct offenses but the petitioner asserts that the effect of the words "or any part thereof" is to define a single crime, i.e., a fraudulent breach of trust, which may be committed by one conversion or by many and is a completed crime when one embezzlement has taken place. It is his present contention that the imposition of the first sentence foreclosed all authority and jurisdiction of the court to mete out punishment for it. His conviction was brought to this Court on appeal and exceptions. *State* v. *Smith*, 140 Me., 255, 37 A., 2d, 246. Judgment was for the State. The question now raised was neither presented nor considered.

Writs of error issue as a matter of course in criminal cases which do not involve offenses punishable by imprisonment for life. R. S. 1944, Chap. 116, Sec. 12. *Nissenbaum* v. *State*, 135 Me., 393, 197 A., 915. The issue raised by a writ of error must be determined on the record of the proceedings brought in question. *Welch* v. *State*, 120 Me., 294, 113 A., 737. It is the appropriate process for attack against a sentence imposed without authority in law, *Galeo* v. *State*, 107 Me., 474, 78 A., 867. This is the point on which the petitioner now relies.

It is argued on behalf of the petitioner that the sentence of the statute in question traces back to and is an enlargement of R. S. 1841, Chap. 156, Sec. 7. This dealt with the embezzlement of "money, goods or other property" which might be the subject of larceny, intrusted to one to be carried for hire. The crime defined was committed whether misappropriation was "in the mass, . . . or otherwise" and it was held immaterial in *State* v. *Haskell*, 33 Me., 129, that the act of conversion may have taken place outside the State. The fraudulent act, wherever committed, was regarded as evidence that the property was accepted for carriage with intent to commit the crime.

The decision in *State* v. *Haskell*, supra, was handed down in 1851. At the next revision of the statutes the language of the particular section was rephrased and much surplus language de-

leted but the crime defined was still limited to property intrusted to one "to be carried." R. S. 1857, Chap. 120, Sec. 8. It first appeared in its present phraseology in P. L. 1893, Chap. 241, where all reference to carriage was eliminated. The present language has been held applicable to the property of deceased persons held by executors and administrators, *State* v. *Snow*, 132 Me., 321, 170 A., 62, but not to that of wards in the possession of guardians, *State* v. *Whitehouse*, 95 Me., 179, 49 A., 869. The exception of the latter, in the last cited case, was based on the fact that embezzlement from the estates of wards was covered by a special statute at the time of the enactment of the 1893 law.

Counsel for petitioner refers to the law punishing embezzlement by guardians in its present form, R. S. 1944, Chap. 145, Sec. 34, and argues that its language presents support for petitioner's claim. This statute reads in its essential parts:

"If a guardian . . . having . . . custody of property embezzles the same or fraudulently converts it. . . ."

It traces back directly to R. S. 1841, Chap. 110, Sec. 18 but like the statute dealing with the embezzlement of goods being carried for hire has been substantially condensed in phraseology in the work of statutory revision from time to time. The 1841 recital of "money, bill, note, bond, evidence of debt, or any property, whatever" was all expressed in the single word "property" in R. S. 1857, Chap. 67, Sec. 25, and considerable verbiage was eliminated in R. S. 1930, Chap. 80, Sec. 34. Neither the original language nor that presently in use supports the claim that plural pilferings by a guardian from his trust subject him to nothing more than a single punishment.

Counsel for petitioner quotes excerpts from *State* v. *Haskell*, supra; *State* v. *Cates*, 99 Me., 68, 58 A., 238; *State* v. *Thomes*, 126 Me., 230, 137 A., 396; and *State* v. *Snow*, supra, which seem to lend color of support to his claim when separated from their texts, but reference to the facts involved discloses that neither the cases nor the quotations are pertinent to the issue raised by

the exceptions. This is true also of the cases cited from other jurisdictions and of *State* v. *Shannon,* 136 Me., 127, 3 A., 2d, 899 (also cited and relied on) , where a considerable review of cases involving the issue of double jeopardy emphasizes the fact that such a plea is tested by the issue as to whether the former acquittal was for the same offense "in law and in fact." The present case is clearly distinguishable from *State* v. *Cates,* supra, where an indictment alleging that the respondent embezzled certain goods and secreted the same goods with intent to embezzle them was held good against a demurrer asserting that it was bad for duplicity, and from the cases cited in 15 Am. Jur. 58, Par. 382 and 22 C. J. S., 422, Par. 281, which relate generally to individual acts which constitute several crimes or to separate parts of single crimes. These relate to the larceny of several articles at one and the same time, *State* v. *Elder,* 65 Ind., 282, 32 Am. Rep., 69, or to individual acts which constitute more than one crime. *State* v. *Cooper,* 1 Green, N. J., 361, 25 Am. Dec., 490.

Petitioner asserts that the two defalcations, alleged and proved to have been committed on different dates, constitute a single crime because the goods embezzled came into the constructive possession of the petitioner simultaneously. As the record stands the acts of embezzlement were separate and distinct. The Massachusetts Court held in *Bushman* v. *Commonwealth,* 138 Mass., 507, that where the record did not disclose that several larcenies covered in separate counts were or were not distinct, it was not bound to consider them one and the same offense although alleged to have been committed on the same day. It had earlier declared that where a single stealing involved the property of several owners, the larcener might be indicted either for a single offense or for several. *Commonwealth* v. *Sullivan,* 104 Mass., 552. If the latter form of prosecution was resorted to, it was declared, the court:

"in superintending the course of trial and in passing sentence, will see that justice is done and oppression prevented."

That the Massachusetts practice permitting a single larcenous act covering several articles to be prosecuted as several larcenies is not generally accepted is indicated in American Jurisprudence and Corpus Juris Secundum, *supra*. It was originally declared in *Commonwealth* v. *Butterick*, 100 Mass., 1, 97 Am. Dec. 65.

The criminal offense defined in the statute in question is the embezzlement of goods held in trust and confidence rather than the breach of trust which such embezzlement constitutes. Each separate act of embezzlement constitutes larceny according to its terms. It is not necessary either to accept or to reject the Massachusetts rule on the present facts since petitioner was convicted of and sentenced for two distinct acts of larceny committed on different dates.

*Exceptions overruled.*