STATE of Maine

v.

Lorraine ST. CLAIR.

Supreme Judicial Court of Maine.

Argued April 29, 1980.

Decided Aug. 19, 1980.

Thomas E. Delahanty, II (orally), Dist. Atty., Peter B. Dublin, Senior Asst. Dist. Atty., Auburn, for plaintiff.

Robert M. Napolitano, Portland, Berman, LeBlanc, Pallas & Clark, Ray R. Pallas, Westbrook (orally), for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

WERNICK, Justice.

Defendant Lorraine St. Clair appeals from a judgment of conviction entered in the Superior Court (Androscoggin County) upon the verdict of a jury finding her guilty of embezzlement (17 M.R.S.A. § 2107). She asserts three points on appeal: (1) that the indictment was fatally deficient; (2) that the presiding Justice committed reversible error by admitting evidence of transactions occurring outside the time period charged in the indictment; and (3) that the evidence was inadequate to support the verdict.

We deny the appeal and affirm the judgment of conviction.

The one count indictment in this case read as follows:

"During and between the months of November, 1973, and December, 1975, at Lewiston, County of Androscoggin, State of Maine, the above-named defendant, LORRAINE ST. CLAIR, while a servant, clerk, agent or employee of Day's Inc. of Lewiston, a corporation, did, without the consent of the said corporation or its officers, and with intent to permanently deprive the said corporation of its property, embezzle and fraudulently convert to her own use a sum of money in excess of Five Hundred Dollars, ($500.00), which was in her possession and under her care and control by virtue of her employment."

After entering a plea of not guilty, defendant moved to dismiss the indictment as defective in certain particulars and as generally in violation of Rule 7(c) M.R.Crim.P., Article I, § 6 of the Maine Constitution and the due process clauses of Article I, § 6-A of the Maine Constitution and the Fourteenth Amendment of the Constitution of the United States. By order filed July 30, 1979, this motion to dismiss was denied.[1]

■ ■ Defendant's primary contention is that the indictment is fatally deficient because it failed to allege a date certain on (or about) which the crime charged was committed.[2] Adverting to the proposition asserted in *Smith, Petitioner*, 142 Me. 1, 45 A.2d 438 (1946) that "[e]ach separate act of embezzlement constitutes larceny according to its terms", *id.* at 6, 45 A.2d at 440, defendant maintains that this requires that the indictment must at least allege some date certain when the crime was committed (even though it may be permissible that the proof show some other date).

Defendant's reliance on *Smith, Petitioner, supra*, is misplaced because the operative statute, there, was *Section 10* of Chapter 131, R.S. 1930, forerunner of *Section 2109* of 17 M.R.S.A. (1965). Each of these statutory provisions historically was, and continues to be, separate and distinct from Section 8 of Chapter 131, R.S. 1930, forerunner of Section 2107 of 17 M.R.S.A. (1965), which latter

---

1. After verdict, defendant again attacked the adequacy of the indictment by a motion in arrest of judgment.

2. Pointing to this alleged deficiency as to date in the indictment, and also to the presiding Justice's having admitted at trial evidence of conduct falling outside the period of time alleged, defendant offers the somewhat novel argument that these circumstances highlight a special reason to hold the indictment inadequate: the need to preclude the incongruity that the evidence relied on by the grand jury in returning the indictment might have shown a particular and separate embezzlement committed on a date different from the embezzlement proved at trial.

Defendant, however, cites no authority for the general proposition that the proof presented to the grand jury and that presented at trial must be the same. We know of none. Indeed, the grand jury may indict on evidence which is not competent for presentation at trial. *See United States v. Calandra*, 414 U.S. 338, 344–346, 94 S.Ct. 613, 618–619, 38 L.Ed.2d 561 (1974). Similarly, as long as the indictment is valid, i. e., the grand jury has determined that a crime has been committed and that criminal proceedings should be instituted against a particular individual as the person who committed it, the State may introduce any competent evidence relevant to the crime charged, regardless of whether it was evidence presented to the grand jury.

section is the statutory provision the present indictment charges was violated by defendant.

Prior to the enactment in 1975 of the Maine Criminal Code, and its revision (under the heading "Theft") of the law pertaining to the crimes previously known as "larceny" and "embezzlement", *see* 17-A M.R.S.A. §§ 351–362, inclusive, there had been several statutes dealing with embezzlement. One or another of these statutes might be brought in play by a particular indictment, and the common law rules of pleading applicable to any such indictment would vary, depending on the language and legislative history peculiar to the specific statute underlying the particular indictment. *See State v. Thomes,* 126 Me. 230, 137 A. 396 (1927), distinguishing between the pleading required as to an indictment under Section 8 and an indictment under Section 10 of Chapter 122, R.S. 1916.

As to the specific embezzlement statute involved in the case at bar, Section 2107 of 17 M.R.S.A. (1965), the legislature long ago enacted a separate statute liberalizing not only pleading requirements, more particularly the manner of charging the crime in the indictment, but also certain requirements as to proof. This was first done in 1879, by the enactment of P.L. 1879, c. 151, § 1 (R.S. 1883, c. 120, § 8). The same provisions were retained thereafter and are reflected for our present purposes in 17 M.R.S.A. § 2108 (1965):

> "[I]t is sufficient to allege generally in the indictment an embezzlement, fraudulent conversion or taking with such intent, of money to a certain amount, *without specifying any particulars of such embezzlement.* At the trial, *evidence* may be given of such embezzlement . . . with such intent, *committed within 6 months before the time stated in the in-*

*dictment.* It is sufficient to maintain the charge in the indictment, and is not a variance, *if it is proved,* that *any . . money,* note, bank note, check, draft, bill of exchange or other security for money, of such . . . incorporated company . . . , *of whatever amount,* was fraudulently embezzled, converted or taken with such intent by such cashier or other officer . . . *within such period of 6 months."* (emphasis added)

█ This statute modified the technical rules of pleading current at the time of its original enactment, to deal with the peculiar difficulties of prosecuting embezzlements of *money,* by persons in *particularly designated* positions of trust, when precisely what was taken and when it was taken were not always susceptible of exact proof. *See, e. g., State v. Davis,* 37 R.I. 373, 92 A. 821 (1915) (discussing legislative history of statutes of this type). Three fundamental changes were made: (1) a general form of indictment was authorized; (2) liberality of proof as to the description of the property was permitted; and (3) conviction of the defendant was permitted as for a *single* embezzlement of an *aggregated amount* from the same employer,—even though there may have been, and the proof might show, separate embezzlements of lesser particular amounts. The disadvantages the prosecution suffered if it saw fit to avail itself[3] of these advantages were: (1) the proof of the substantive offense was limited to acts occurring within six months before the time stated in the indictment, rather than extending for the whole period of the statute of limitations,[4] *State v. Holmes,* 65 Minn. 230, 68 N.W. 11, 12–13 (1896); and (2) under the statute the indictment would be deemed to be for a single embezzlement (regardless of how many separate embezzle-

---

**3.** Resort to the liberalizing statute was always allowed as an option open to the prosecution for all embezzlements within the terms of the liberalizing statute. *State v. Davis, supra,* 92 A. at 825; *State v. Holmes,* 65 Minn. 230, 68 N.W. 11 (1896).

**4.** The settled rule of law is that unless time is of the essence of the offense, proof of the

commission of the offense on any day within the statute of limitations, regardless of the date alleged in the indictment, is not a material variance unless it prejudices the defendant. Glassman, *Maine Practice,* Rules of Criminal Procedure § 7.7 (1967); *see State v. Mottram,* 155 Me. 394, 402, 156 A.2d 383, 387 (1959).

ments the proof might show) and, therefore, only one sentence could be imposed.[5]

Thus, 17 M.R.S.A. § 2108 and its forerunners may be fairly regarded, in essence, as having accomplished, specifically in regard to indictments charging embezzlements of *money* committed by those particular *categories of entrusted persons* described in 17 M.R.S.A. § 2107 (the statute claimed violated in the case at bar), and its forerunners, what, since 1965, Rule 7 of the Maine Rules of Criminal Procedure has been held to have achieved for *all* indictments, namely, simplified generalized pleading. *Cf. State v. Jamison*, Me., 392 A.2d 1091 (1978), and *State v. Fitzherbert*, Me., 242 A.2d 686 (1968).[6]

Of course, under both the liberalizing provisions of Section 2108 and Rule 7(c) M.R. Crim.P., the State is not excused from pleading the essential elements of the substantive offense. Precisely what elements are "essential" to the crime of embezzlement under 17 M.R.S.A. § 2107 and what would be adequate pleading of them under the liberalizing effects of Rule 7 M.R.Crim. P.,—and therefore under Section 2108 as having effectuated even before the Rules a liberalizing of the proceedings in the particular categories of cases to which it was applicable—had been clarified by the Court in its discussions in *State v. Rowe*, Me., 238 A.2d 217 (1968) and *State v. Bull*, Me., 249 A.2d 881 (1969), referencing Form 9 M.R. Crim.P., Appendix of Forms, as in Glassman, *supra*, (1967).

■ In its content the instant indictment conforms to Form 9 as well as to the indictments held sufficient in *State v. Rowe* and *State v. Bull*, except as to one particular: the present indictment does not expressly allege some date certain "on or about" which the crime charged was committed. Yet, it is plain to us, too, that the instant indictment was framed by the State in reliance upon the liberalizing provisions of 17 M.R.S.A. § 2108. By its terms Section 2108 does not require any particulars of the crime to be alleged. Since time is a particular, and not an essential element, of embezzlement, this indictment would be sufficient under Section 2108 provided that it alleged some date in reference to which a *prior* period of six months could be calculated to fix the scope of variance in *proof* authorized by Section 2108. For this purpose, the present indictment's allegation of time as being "during and between the months of November, 1973, and December, 1975, . . . ." may fairly be held to allege the date of November 1, 1973.[7]

■ Thus, with the instant indictment taken as framed under Section 2108, the State became entitled to present proof of acts occurring within the six-month period preceding November 1, 1973. Here, the evidence admitted at trial was confined to transactions occurring within the six months period prior to November 1, 1973 and, therefore, such evidence was properly admitted in accordance with Section 2108.

■ We also reject defendant's contentions that the indictment was inadequate to meet constitutional requirements. We find these concisely summarized in *State v. Charette*, 159 Me. 124, 127, 188 A.2d 898, 900 (1963):

---

5. For further discussion of the English statute which was the source of the liberalizing statutes enacted in the United States, *see* 2 Bishop's Criminal Law, 9th Ed. § 375 (1923) citing 7 & 8 Geo. 4, c. 29 § 48.

6. The allegation of money "in excess of $500.00", as in the indictment in the case at bar, identifies the crime as "grand larceny" for purposes of punishment under 17 M.R.S.A. § 2101, amended P.L. 1971, c. 36 as applicable to embezzlements by the terms of 17 M.R.S.A. § 2107. *See* Form 8, M.R.Crim.P., Appendix of Forms, Glassman, *Maine Practice* (Supp. 1975).

7. The instant indictment is thus fairly given the same meaning as would derive from the wording of the indictment in *State v. Terroni*, Me., 270 A.2d 75 (1970).

We may note, too, that the manner in which time is alleged in the instant indictment has been held sufficient under statutes in other jurisdictions which function like our Rule 7 M.R.Crim.P. to simplify pleadings. *E.g., Jackson v. State*, 76 Ga. 551 (1886); *People v. Hawkins*, 106 Mich. 479, 64 N.W. 736 (1895); *People v. Patrick*, 38 Ill.2d 255, 230 N.E.2d 843, 845–46 (1967).

"The test to be applied is whether a respondent of reasonable and normal intelligence, would, by the language of the indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise."

The indictment in question meets both these tests.

■ Article I, § 6 of the Maine Constitution grants an accused the right to "demand the nature and cause of the accusation . . . ." Such information was provided by the indictment, which set forth all of the elements of the offense of which defendant was charged. In addition, under Rule 16(c)(2) M.R.Crim.P., the Court may require the filing of a bill of particulars as a supplement to discovery, where appropriate. It would appear that, here, discovery had furnished defendant enough to protect her rights. Defendant has never contended that she was surprised to her prejudice because evidence was presented at trial against which she was unprepared to defend, and the record discloses no such unfair surprise in fact. Hence, no constitutional infirmity under Article I, § 6 exists to invalidate the judgment of conviction. *State v. Wedge*, Me., 322 A.2d 328 (1974); see Glassman, *Maine Practice, supra*, at § 7.14 (1967 and Supp. 1975)

■ Turning to the protection against double jeopardy afforded defendant by Article I, § 8 of the Maine Constitution, and the Fifth Amendment to the Constitution of the United States as applicable to the States through the due process clause of the Fourteenth Amendment,[8] we conclude that the instant indictment provides adequate basis for defendant to be thus protected. We have previously referred (n.7, *supra*), to the indictment in *State v. Terroni*, Me., 270 A.2d 75 (1970) which charged, that defendant

"did on May 1, 1967 and continuously thereafter up to and including October 18, 1967 . . . engage in . . ."

prohibited acts. We stated in that case that defendant was protected against double jeopardy on the basis that

" '[w]hen an offense charged consists of a series of acts extending over a period of time, a conviction or acquittal for a crime based on a portion of that period will bar a prosecution covering the whole period,' . . . ." *Id.* at 76.

■ Defendant's last point of appeal is that the evidence presented at trial was insufficient to support the jury's verdict. The point fails.

The evidence showed substantial shortages in two annual inventories performed at the Days' store in Lewiston. Those inventories, which revealed shortages by cash values rather than by numbers of items, covered the period from April 1, 1974 to March 31, 1976. Defendant was the manager of the Days' store in Lewiston from November, 1973 through December, 1975. Both the accountant who supervised the inventories and the Portland comptroller for the Day's chain testified that they had ruled out mathematical errors in their independent investigations of the shortfall of over $88,000 for the fiscal year April 1, 1975 to March 31, 1976.

The evidence also showed eleven instances in which the store records showed a particular kind of discrepancy: "return for credit" slips as to merchandise which the customers involved testified was still in their possession. For each of these transactions there were similar discrepancies in recording of payments and returns between the Lewiston store records and the records in the central office in Portland. The Portland records were supposed to record transactions occurring in the branch stores, duplicating the records kept by the individual branches. Defendant admitted that in seven of these eleven instances the "return for credit" slips were in her handwriting, although she denied having made out any return slips except when merchandise was actually returned. The other four slips

---

8. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

were signed, two each, by two clerks who worked for defendant while she was the manager of the Lewiston store. One of the clerks testified that clerks and office personnel had no authority to write up return for credit slips without the manager's (defendant's) authorization.

Finally, a witness who worked as office manager under defendant testified that, almost daily, during the time defendant was store manager there was insufficient cash at the end of the day to make the deposits indicated by the daily records. This witness also testified that she frequently observed the defendant re-ringing the cash register tapes that were sent to Portland with the daily report to provide a running total of cash received that day, and then altering the daily reports to coincide with the tapes. She testified, too, that she had a private conversation with defendant during the Grand Jury investigation during which defendant told her that "if she [defendant] were to go down . . . she wasn't going to go down alone."

This evidence was sufficient to justify the jury in finding beyond a reasonable doubt that the defendant was using her supervisory position to embezzle corporate funds pursuant to a common scheme or method involving alteration of records to cover up this illegal conversion of funds. The evidence was, therefore, adequate to support the judgment of conviction.

The entry is:

Appeal denied; judgment of conviction affirmed.

All concurring.