## STATE *vs.* EDWARD J. CUSHING.

A statute authorizing the court to grant a new trial in a criminal cause, provided application therefor shall be made within one year after such cause shall have been tried or decided: — A petition for a new trial was presented and refused. Two years after the refusal, and five years after the conviction of the petitioner, a motion was made to reargue the petition: —

*Held,* that the motion was equivalent to a petition for a new trial, and was made too late.

*Held,* further, that, if the words of the statute, "or decided," are construed to refer to the decision on the petition for a new trial, written motion filed within a year after such decision is, after the close of the term at which such decision was made, the only allowable procedure.

*Query.* Whether on oral motion made during the term at which the petition was refused, a reargument would have been allowed.

In an indictment for embezzlement, or in one for aiding and counselling embezzlement, the day named for the commission of the offence is not material, and evidence may be given referring to any other day before the finding of the indictment.

An accused indicted for embezzlement will, on application to the prosecutor, be informed of the specific acts to be proven against him. This information, if refused, may be ordered by the court.

Arrangements for embezzlement by the fraudulent issue of checks were made between C., the aiding and abetting accomplice, and B., the principal, September 21. The embezzlement was consummated by cashing the checks September 24: —

*Held*, that C.'s offence was continuous from the arrangements of the 21st to the consummation on the 24th.

MOTION for leave to reargue a petition for a new trial.

*February* 19, 1876.   DURFEE, C. J.   Our statute, Gen. Stat. R. I. cap. 210, § 8, authorizes the court to grant a new trial in a criminal case, provided application therefor shall be made within one year after such case shall have been tried or decided. The indictment, *The State* v. *Edward J. Cushing*, was tried to a jury in the Court of Common Pleas, in 1870–71, a verdict of guilty being returned January 1, 1871. A petition for new trial, entered in this court October Term, 1871, was heard October Term, 1872, and decided March Term, 1873, by dismissal. The petitioner thinks the decision was erroneous, and moves for leave to reargue the petition. It would be idle to reargue the petition merely to convince the court of its error. The motion is doubtless intended to have an effect beyond this, namely, to have us grant the mover a new trial of the indictment. It is in this view an application for a new trial, made more than five years after the cause was tried on the indictment, and more than two years after it was decided on the petition. It does not come within the statute, even if the word " decided," in the statute, is held to mean decided on the petition.

It appears that the counsel for the petitioner appeared before the chief justice and two other justices of this court, after the March Term, 1873, was ended, and requested them in vacation to authorize him to notify the attorney general and the Court of Common Pleas that they would hear him at the next term, upon the question whether he had a right to be heard upon a motion for a reargument of the petition for a new trial, and whether the motion should be granted, and that the justices granted the request. It also appears that the counsel afterwards filed in the office of the clerk of this court, fully and formally, the grounds of the motion, and served a copy on the attorney general, with notice that he was ready to argue the same, to which the attorney general replied that he could not then attend to it. The

paper filed with the clerk was not a motion for leave to reargue, but the grounds of such a motion. If, however, it could be re-garded as a motion, it never was docketed as such, and never was entered by the payment of the requisite entry fee. It ap-pears to have had the effect to delay sentence in the Court of Common Pleas, but we do not see how we can now regard it as a motion which has been pending ever since the paper was left with the clerk.

Perhaps we might have taken off the entry in the petition for a new trial at any time during the term at which the petition was decided, and heard it reargued upon an oral motion merely ; but after the term was past we think we could only do it, if at all, upon written motion preferred, at farthest, within a year after the petition was decided.

For these reasons, therefore, unless the objections stated can be obviated, the motion for reargument must be denied.

*Abraham Payne,* for defendant petitioner.

NOTE BY THE REPORTER. — The decision above referred to, given at the March Term A. D. 1873, dismissing Cushing's petition for a new trial, was not printed at that time. It is therefore published in connection with the foregoing opinion, and is as follows : —

PETITION for a new trial.

*July* 19, 1873. BRAYTON, C. J. The ground upon which the petition for a new trial is based is, that the verdict is against the evidence which passed to the jury. There is no question as to any ruling or instruction of the court. The petitioner states that, at the December Term of the Court of Common Pleas, he was convicted upon an indictment charging one Thomas W. Brownell with the commission of the offence of embezzlement on the first day of June, 1869, and that said Cushing, before the offence was committed, did aid and assist, counsel and procure the said Brownell to commit the same ; and he submits with his petition all the evidence which passed to the jury, allowed by the judge who tried the cause, as the rule requires, and submits it as the basis for a new trial.

He further states that before any testimony was offered, he re-quested the attorney general to elect the day on which the alleged embezzlement, *and* the aiding and abetting of said Brownell by

Cushing, took place; and that the attorney general elected the 21st day of September, 1867, as the day on which the offence alleged was committed.

And he says the verdict was contrary to the law and the evidence in the case.

There is nothing allowed by the judge but the testimony given. He has not allowed the statement that the attorney general made any election. But it was admitted before, as at the hearing, by the attorney general, that in reply to the inquiries of the defendant Cushing for information, he informed him that he would give in evidence transactions between the defendant Cushing and Brownell, which took place on the 21st day of September, 1867. There was no other evidence as to the statement of the attorney general, and we must proceed upon his admission.

The question which Cushing makes is not that the evidence does not warrant the jury in finding him guilty of aiding and abetting Brownell to commit the crime of embezzlement, but that it does not warrant finding the offence committed by Brownell to have been completed on the 21st day of September, 1867.

The day named in the indictment, the 1st day of June, 1869, as the day of the commission of the offence, was not material, and the government was at liberty to prove its commission upon any other day before the finding of the indictment, as well as on that day.

A person indicted for embezzlement, if he does not know the specific act of embezzlement intended to be charged and proved, it is said, should apply to the prosecutor for the particulars of the charge, and if it be refused upon application, the court may order it to be given, and may continue the case until it be given. Gaselee, J., in *Rex* v. *Hodgson*, 3 C. & P. 422 ; Littledale, J., in *Rex* v. *Bootyman*, 5 C. & P. 300.

The petitioner made his application for information in relation to the charge against him, and for anything that appears the particulars were given (and that without an appeal to the court), so far as required or desired. It does not appear that for want of any further information he was unable to make a full and fair defence, or that he was in any wise embarrassed in that defence. It is not pretended that he was. It does not appear that he desired further information.

The evidence offered by the government was, as stated by the attorney general, that on the 21st day of September, 1867, Brownell, the cashier of the bank whose money he was charged with embezzling, met the defendant Cushing, who was charged with aiding and abetting and procuring Brownell to embezzle it, and it was arranged and agreed between them that Brownell should give his checks as cashier to the amount of $24,000 to Cushing, which Brownell was to pay out of the funds of the bank, when they should be presented to the bank for payment. This was done without the knowledge and against the will of the bank, as Cushing knew. These checks were then given to Cushing as agreed, payable to his order. There was no further interview or conference after this between them. All the acts of counselling and procuring of Cushing, in furtherance of the plan and purpose agreed upon, were done then and there. Cushing negotiated the checks, and one or more of them was returned to the bank on the 24th of September, three days after the making, and were then cashed by Brownell out of the moneys of the bank, in pursuance of the arrangement made on the 21st. The offence charged upon Brownell the actual embezzlement, beginning on the 21st with the conspiracy with Cushing, was fully completed by him on the 24th of September. On the 21st the purpose was formed by both, the mode of accomplishment consented to by both, the instrumentalities by which it was to be done; the checks were then made by Brownell and delivered to Cushing, upon the return and presentment of which Brownell was to use the money of the bank in payment of them.

All this was put in evidence, in accordance with the information given by the attorney general. It was necessary to be given in order to prove the allegation in the indictment, that before the money was actually taken, Cushing counselled and procured it to be taken. They were transactions of which he, Cushing, knew; of all of which he was part; and when he was informed that they would be proved, he knew all the particulars of the crime which he counselled, and what it was proposed to prove, without more information.

It only remained to be proved that Brownell consummated what was thus planned, and that the transaction resulted in an appropriation of the money by him to the checks.

This was but a continuation of the transaction of the 21st, procured by Cushing to be continued to the consummation on the 24th.

All the evidence given was without objection to it, for anything that appears, as irrelevant or not pertinent to the question open upon the trial.

We have only to inquire if the evidence allowed by the judge, and submitted to us, is sufficient to warrant the verdict of the jury, that the defendant Cushing was guilty of the offence of counselling and procuring Brownell to embezzle the moneys of the bank of which he was cashier, and if the transaction between Cushing and Brownell on the 21st of September, 1867, continued until the commission of the offence by Brownell.

We are of opinion that the verdict is warranted by the evidence.                          *New trial refused.*