HOPE T. WILLIAMS vs. CLARENCE A. SMITH.

DECEMBER 17, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Action to Recover Damages for Crime.  Pleading and Practice.*

Gen. Laws cap. 233, § 16, provides that "whenever a person shall suffer any injury to his person, reputation, or estate by reason of the commission of any crime or offence, he may recover his damages for such injury either in an action of trespass or in an action of the case against the offender; but no such action shall be commenced for such injury until complaint has been made to some proper magistrate for such crime or offence and process issued thereon against the offender":—

*Held*, that, for a plaintiff to recover damages under this statute, it was necessary for him to allege and prove that he had suffered injury in person, reputation, or estate by reason of the commission of the crime or offence, and that complaint had been made to some proper magistrate, and that process had been issued thereon before the commencement of the action; but it was not necessary to wait until criminal process had been served before bringing the civil suit.

*Held*, further, that it was not necessary for plaintiff to allege the commission of the crime which was the basis of the claim for damages with the technical accuracy required in the criminal complaint or indictment for the same, but it must be described sufficiently for identification.

(2) *Jurisdiction of Offence.*

Where the crime for which plaintiff brought a civil action under the statute to recover damages was alleged to have been committed in the town of Johnston, it sufficiently appears to have been within the jurisdiction of the District Court of the Eighth Judicial District, so that the criminal complaint was properly made to the justice of that court.

(3) *Larceny.  Embezzlement.  Statute of Limitations.*

Gen. Laws cap. 285, § 33, provides that no person shall be convicted of any offence, with certain exceptions, of which larceny is one, unless indictment be found within three years.

Gen. Laws cap. 279, § 16, provides that a person embezzling money shall be deemed guilty of larceny:—

*Held*, that an action to recover damages for an embezzlement was not barred because complaint was not made within the three years.

CASE.　Under statute to recover damages for embezzlement. Heard on exceptions of defendant, and overruled.

DUBOIS, J. This is an action of the case on promises, which was brought in the Superior Court and came to this court upon the defendant's exceptions to the decision of the Superior Court overruling his demurrer to the amended third count of the plaintiff's declaration, which reads as follows:

"And also for that the defendant, on the day of the date of the plaintiff's writ, at said Johnston, to wit: at said Providence, was indebted to the plaintiff in the further sum of, to wit, $2,000.00 for so much money at that time due and payable from the defendant to the plaintiff for interest upon, to wit, the sum of $3,315.72 before then had and received by the defendant to and for the use and benefit of the plaintiff, and by the plaintiff foreborne to the defendant for divers long spaces of time before then elapsed, and for other money at that time then due and payable from the defendant to the plaintiff for interest thereon.

"And being so indebted, the defendant, 'in consideration thereof, to wit, on the day last aforesaid, undertook, and then and there promised the plaintiff, to pay her said sum of $2,000.00 on request.

"And the plaintiff avers that said defendant at said Johnston, on, to wit, the 16th day of May, A. D. 1902, with force and arms, did fraudulently embezzle and convert to his own use, and take and secrete with intent to fraudulently embezzle and appropriate to his own use, and with intent to cheat and defraud said plaintiff, said sum of $3,315.72 in lawful money of the United States of the value of $3,315.72, the same being the property of said plaintiff, the said defendant then and there being the agent, clerk and servant of said plaintiff, said sum of money then and there coming into his possession and under his care and charge by virtue of such employment; and that on the 2nd day of January, A. D. 1907, a Complaint, under oath, was made in Cranston, in said County, by James N. Smith, for said crime of embezzlement to a proper magistrate, namely, Henry A. Palmer, Esq., Justice of the District Court of the Eighth Judicial District of Rhode Island, and thereupon, on the same day, a warrant for said crime was issued at said Cranston by said Justice against said defendant.

"Yet, although thereunto duly requested, the defendant has hitherto refused, and still refuses to pay to the plaintiff said sum of money, or any part thereof."

The defendant's demurrer relates to that portion of the count which alleges embezzlement, and for specific grounds of demurrer sets forth:

"*First:* That said count or charge does not set forth any crime or offence under the laws of Rhode Island.

"*Second:* That said count or charge does not state with sufficient clearness and exactness any offence or crime known to the laws of this State.

"*Third:* That said count or charge does not set forth with sufficient clearness and exactness any offence or crime known to the laws of this State with definite certainty to apprise the defendant with what he is charged, so as to enable him to prepare his defence.

"*Fourth:* That said count or charge does not show that Henry A. Palmer, Esq., or the District Court of the Eighth Judicial District of Rhode Island, or either of them had or has jurisdiction of the pretended offence set forth in said count as therein charged to issue a warrant for said pretended offence against said defendant.

"*Fifth:* That said count or charge does not show that said pretended offence so set forth therein was at the time of the issuing said pretended warrant within the jurisdiction of said Henry A. Palmer, Esq., or the District Court of the Eighth Judicial District of Rhode Island, or either of them, to try and determine under the laws of Rhode Island, and neither said Palmer, nor said Court had jurisdiction at the time of issuing said pretended warrant, or now have jurisdiction to examine and bind over said defendant for said pretended offence, to wait the action of the next Grand Jury for said Providence County of the Superior Court of this State.

"*Sixth:* Because said pretended offence so set forth in said count or charge is not indictable under the laws of this State, having been committed as alleged in said count and charge on the sixteenth day of May, A. D. 1902, being a period

of more than three years before said pretended complaint was made, and said pretended warrant was issued thereon.

"*Seventh:*  Because no indictment can be found against the said defendant after three years from the time of the alleged committing of said pretended offense so set forth in said count or charge under the laws of this State, to wit, under Section 33 of Chapter 285 of the General Laws of Rhode Island, and the acts in amendment and in addition thereto.

"*Eighth:*  Because it appears in said count and charge, and' on the face of said pretended criminal charge, that the pretended offence with which the defendant is charged was at the time of making said pretended complaint and the issuing said warrant barred by the Statute of Limitations, and none of the exceptions mentioned in the Statute to prevent its operation are alleged therein.

"*Ninth:*  And for further demurrer to the amended Third count in said cause, the defendant sets forth the following grounds of demurrer, that by said count it appears that the plaintiff complains of separate and distinct causes of action in said declaration, to wit, trespass and an action of the case, to wit, assumpsit, where by the law of the land the plaintiff for the same causes of action ought in separate writs and declarations to have declared.

"*Tenth:*  And for further grounds of demurrer to said amended Third count said defendant avers that said amended Third count is inconsistent with and repugnant to said averment, that said defendant, on to wit the 16th day of May, A. D. 1902, with force and arms did fraudulently embezzle and convert to his own use &c. said sum of $3,315.72 &c."

"It (said count) avers, that said defendant was indebted to said plaintiff, on to wit the 5th day January A. D. 1907, the day of the date of the plaintiff's writ in the sum of $2,000.00 for money due and payable by the defendant to said plaintiff for interest upon the sum of $3,315.72, *and for other money at that time due and payable from the defendant to the plaintiff* for interest thereon, and being so indebted, in consideration thereof, to wit, on the day last aforesaid, to wit, January 5, A. D. 1907, promised the plaintiff to pay her said sum of

$2,000.00 on request, and though duly requested, refuses to pay the plaintiff said sum of money, or any part thereof.

"And further, it is inconsistent with and repugnant to said charge of embezzlement so set forth that it was or is possible for the defendant to embezzle i. e. money loaned to him or for money for which he is indebted."

The defendant's bill of exceptions, after reciting the amended third count, and the demurrer thereto in full, concludes as follows: "To the refusal by the court to sustain, and over-ruling the said defendant's demurrer, the defendant then and there duly excepted, and prays that his exceptions may be allowed by said court," &c.

In argument the defendant divides his grounds of demurrer into two classes, the first including grounds one, two, and three, and the second comprising the grounds four, five, six, seven, and eight, and entirely ignores grounds nine, ten, and the one following. These latter, therefore, need not be considered.

The grounds of demurrer relied upon raise the following questions: first, whether the crime of embezzlement is set forth with sufficient certainty; second, whether it appears from the count that the District Court had jurisdiction of the offence charged; and third, whether the complaint was barred by the statute of limitations.

(1) The count under consideration is framed under the provisions of Gen. Laws cap. 233, § 16, which provides: "whenever a person shall suffer any injury to his person, reputation or estate, by reason of the commission of any crime or offence, he may recover his damages for such injury, either in an action of trespass, or in an action of the case, against the offender; but no such action . . . shall be commenced for such injury until complaint has been made to some proper magistrate for such crime or offence and process issued thereon against the offender," &c.

Referring to this statute, Stiness, J., in *Struthers* v. *Peckham,* 22 R. I. p. 12, states: "It explicitly refers to injury resulting from crime; and, if an action for that particular injury could not be maintained at common law, it cannot be maintained under the statute until after criminal proceedings have been

instituted.   It is an enabling statute, giving a right of action, where none existed at common law, upon condition of first making a complaint, and excepting from this requirement actions then maintainable without the statute."

For the plaintiff to recover damages under this statute it is necessary for him to allege and prove that he has suffered injury in person, reputation, or estate, by reason of the commission of the crime or offence of the defendant, and that complaint has been made to some proper magistrate for such crime or offence, and that process has been issued thereon against the offender before the commencement of the action.   It is not necessary to wait until criminal process has been served upon the offender before bringing civil suit.   The complainant has no control over the form to which the complaint may be reduced by the magistrate, nor, ordinarily, is he concerned in its prosecution or whether it will stand the test of a motion to quash, demurrer or plea, or with the result upon trial after issue joined.   He must set the criminal machinery in motion by complaining in behalf of the State, and the State will do the rest.   It is not necessary for the plaintiff to allege the commission of the crime, which is the basis of his claim for damages, with the technical accuracy required in the criminal complaint or indictment for the same, but it must be described sufficiently for identification.   This has been done in the amended third count under consideration.   Even in criminal prosecutions for embezzlement it is provided, by Gen. Laws cap. 279, § 18:   "It shall be sufficient to allege generally in the indictment or complaint an embezzlement, fraudulent conversion, taking or secreting with such intent, or an embezzlement or appropriation with intent to cheat or defraud, as the case may be, of money to a certain amount, or property of a certain value, without specifying any particulars of such embezzlement."

(2)   As the crime is alleged to have been committed in the town of Johnston it sufficiently appears to be within the jurisdiction of the District Court for the Eighth Judicial District of Rhode Island, and the complaint appears to have been properly made to the justice of that court.   The objection that the statute of limitations applies because said complaint was made more

than three years after the commission of the offence is untenable. The statute of limitations referred to is contained in Gen. Laws cap. 285, § 33, which reads as follows: "No person shall be convicted of any offence, except treason against (3) the State, murder, arson, burglary, counterfeiting, forgery, robbery, larceny, rape or bigamy, unless indictment be found against him therefor within three years from the time of committing the same." While it is true that embezzlement *eo nomine* is not included among the excepted offences it is unnecessary that it should be, because, under Gen. Laws cap. 279, § 16: "Every officer, agent, clerk or servant or person to whom any money or other property shall be intrusted for any specific purpose, who shall embezzle or fraudulently convert to his own use or shall take or secrete, with intent to embezzle and fraudulently convert to his own use, any money or other property which shall have come into his possession, or shall be under his care or charge, by virtue of such employment or for such specific purpose, shall be deemed guilty of larceny, and may be tried, sentenced and punished as for any other larceny." This means that when an agent, clerk, or servant embezzles, he steals and is to be complained against, indicted, tried, sentenced, and punished like any other thief. But it is no misnomer to use the softer expression in the declaration. "The case, therefore, sets out either larceny, or that which is deemed to be and punished as larceny; and larceny was a felony at common law." *Struthers* v. *Peckham, supra.*

The defendant's exceptions are therefore overruled, and the case is remitted to the Superior Court for further proceedings.

*James Harris and Irving Champlin,* for plaintiff.
*Marquis D. L. Mowry and Louis L. Angell,* for defendant.