STATE

v.

**Thomas RICCI and Frank DiMauro, Jr.**

No. 86–149–C.A.

Supreme Court of Rhode Island.

Nov. 24, 1987.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., for plaintiff.

William A. DiMitri, Providence, for Frank DiMauro, Jr.

Harris L. Berson, Providence, for Thomas Ricci.

John A. MacFayden, III, Providence, amicus curiae.

Richard P. McMahon, Providence, amicus curiae—Fleet Bank.

## OPINION

MURRAY, Justice.

This is an appeal by the defendants, Thomas Ricci and Frank DiMauro. Thomas Ricci was convicted on October 16, 1985 of obtaining money by false pretenses, in violation of G. L. 1956 (1981 Reenactment) § 11–41–4.[1] Frank DiMauro, Jr. was convicted on the same date of aiding and abetting the defendant Thomas Ricci in violation of G. L. 1956 (1981 Reenactment) § 11–1–3.[2] The ———— defendants' motions for new trials were denied by the trial justice on November 1, 1985. The defendants assign as error, inter alia, the denial by the trial justice of the defendants' motion in limine. This motion sought to preclude the prosecution from presenting any evidence that was more than three years old, in aid of the indictments under which the defendants were convicted. We hold that the trial justice improperly admitted evidence of acts that occurred more than three years before the bringing of said indictments. Hence, we reverse.

1. General Laws 1956 (1981 Reenactment) § 11–41–4 provides:

   "Obtaining property by false pretenses or personation.—Every person who shall obtain from another designedly, by any false pretense or pretenses, any money, goods, wares, or other property, with intent to cheat or defraud, and every person who shall personate another or who shall falsely represent himself to be the agent or servant of another, and shall thereby receive any money or other property intended to be delivered to the person so personated, or to the alleged principal or master of such agent or servant, shall be deemed guilty of larceny."

2. General Laws 1956 (1981 Reenactment) § 11–1–3 provides:

   "Liability for aiding, abetting, counseling, hiring, or commanding offenses.—Every person who shall aid, assist, abet, counsel, hire, command, or procure another to commit any crime or offense, shall be proceeded against as principal or as an accessory before the fact, according to the nature of the offense committed, and upon conviction shall suffer the like punishment as the principal offender is subject to by this title."

The facts, as they relate to this appeal, may be briefly stated. Thomas Ricci (Ricci), a building contractor doing business as R & R Improvements, contracted with the city of Providence to repair the roof of the Robert F. Kennedy School. Frank DiMauro, Jr. (DiMauro), at that time deputy director of public properties of the city of Providence, was required, along with his other responsibilities, to certify that contracts performed within the school department were satisfactorily completed according to job specifications. In March of 1979 DiMauro certified that the repair of the roof of the Kennedy School had been completed pursuant to specifications, and in April 1979 Ricci was duly paid $1,250 for the work purportedly done. Ricci later admitted that the job had not been finished and DiMauro admitted that he signed the certification without inspecting the work. DiMauro explained that his failure to inspect was caused by overwork and his reliance upon the word of Ricci, whom he had heretofore considered to be a reliable contractor. Ricci, in turn, claimed that he predicated his assurance that the job was complete upon the representations of his workers.

The events that form the basis of the indictment upon which defendants were convicted concededly occurred more than three years before the bringing of the indictment. Thus, if we find, as we do, that proof of such charges may not be offered except within three years of the date of indictment, defendants' convictions must be reversed.

As stated earlier, defendant Ricci was charged with the crime of obtaining money by false pretenses. DiMauro was charged with aiding and abetting Ricci. The crime of obtaining money by false pretenses is a statutory derivation of common-law larceny. The statute of limitation for larceny is set forth in G. L. 1956 (1981 Reenactment) § 12-12-17,[3] which provides that "[n]o person shall be convicted of any offense, *except * * * larceny, * * * either as a principal or as an accessory,* unless indictment be found or an information filed against him therefor within three (3) years from the time of committing the same." We note that the General Assembly has, by statutory enactment, provided that "[e]very person who shall obtain from another designedly, by any false pretense or pretenses, any money * * * shall be deemed guilty of larceny." Section 11-41-4; *cf. Williams v. Smith,* 28 R.I. 531, 536-37, 68 A. 306, 308-09 (1907) (in civil suit, construing relationship between embezzlement statute and three-year statute of limitation contained in precursor to § 12-12-17, held that embezzlement fell under larceny exclusion; hence, three-year statute of limitation was inapplicable). Thus, in the absence of an additional statutory provision and case law interpreting the same, defendants could be prosecuted for false pretenses and aiding and abetting, respectively, for acts committed more than three years before the bringing of an indictment under the larceny exception contained in § 12-12-17.

The defendants call our attention to § 12-12-14,[4] which in pertinent part provides:

---

3. General Laws 1956 (1981 Reenactment) § 12-12-17 provides:

"Period of limitations on minor offenses.—No person shall be convicted of any offense, except, treason against the state, murder, arson, burglary, counterfeiting, forgery, robbery, *larceny,* rape, or bigamy, either as a principal or as an accessory, unless indictment be found or an information filed against him therefor within three (3) years from the time of committing the same." (Emphasis added.)

4. Section 12-12-14 provides:

"Allegations as to statutory larceny.—In prosecutions under § § 11-41-3, 11-41-4 [obtaining money by false pretenses or personation] and 11-41-11, it shall be sufficient to allege

generally in the indictment, information, or complaint, a stealing of money to a certain amount, or property of a certain value, without specifying any particulars of such stealing, and on the trial evidence may be given of any such stealing, embezzlement, fraudulent conversion or appropriation or obtaining, receiving, taking or secreting by false pretenses or otherwise with intent to cheat or defraud or to embezzle or to fraudulently convert, at any time within three (3) years before the bringing of the indictment, information, or complaint, or within six (6) months next after the time stated in the indictment, information, or complaint, and it shall be sufficient to maintain the charge in the indictment, information, or complaint, and it shall not be

"[i]n prosecutions under * * * § 11–41–4 [obtaining money by false pretenses or personation] it shall be sufficient to allege generally * * * a stealing of money to a certain * * * value * * * and on the trial evidence may be given of any such * * * taking * * * by false pretenses * * * at any time within three (3) years before the bringing of the indictment, information, or complaint, or within six (6) months next after the time stated [therein] * * * and it shall not be deemed a variance, if it is proved that any * * * money was stolen * * * by false pretenses * * * by the person prosecuted, at any time within three (3) years before the bringing of the indictment, information, or complaint, or within six (6) months [thereafter]." (Emphasis added.) The defendants argue that § 12–12–14 serves as a three-year statute of limitation for the prosecution of designated forms of statutory larceny[5] by limiting proof to actions which occurred within three years before the bringing of the indictment. The state argues that § 12–12–14 limits proof of statutory larceny to three years only in cases where the complaint is insufficiently pleaded. Where, as here, the complaint sufficiently informs the defendant of the particulars of the offense charged the three-year limitation does not apply, according to the state.

In order to resolve these competing claims and determine the meaning and application of § 12–12–14, a brief digression to examine the legislative history of that statute is appropriate. In 1909 the Legislature enacted G.L. 1909 ch. 354, § 33,[6] the precursor of § 12–12–17, which, like § 12–12–17, provided a three-year statute of limitation, but excepted larceny therefrom, including, as we have seen, embezzlement, a manifestation of statutory larceny. *Williams v. Smith*, 28 R.I. 531, 68 A. 306 (1907). That same year the Legislature enacted ch. 345, § 18,[7] which liberalized the requirements for proof of embezzlement by allowing the state to offer proof of acts of embezzlement committed within six months next following the time stated in the indictment. Thus, the state was able to convict upon making a sufficient showing of statutory larceny such as embezzlement within six months after the date named in the indictment. There matters stood until 1915.

In 1915 this court was called upon to construe the meaning of ch. 345, § 18.

deemed a variance, if it is proved that any bullion, money, notes, bank notes, check, draft, bill of exchange, or other security or money, or other property of whatever amount, was stolen, embezzled, fraudulently appropriated, or converted, or was obtained, received, taken or secreted by false pretenses or otherwise, with intent to cheat, or defraud, or to embezzle, or to fraudulently convert, by the person prosecuted, at any time within three (3) years before the bringing of the indictment, information, or complaint, or within six (6) months next after the time stated in the indictment, information, or complaint."

5. Sections 11–41–3, 11–41–4, and 11–41–11.

6. General Laws 1909 ch. 354, § 33 provides: "No person shall be convicted of any offence, except treason against the state, murder, arson, burglary, counterfeiting, forgery, robbery, larceny, rape or bigamy, unless indictment be found against him therefor within three years from the time of committing the same."

7. Chapter 345, § 18 provides:

"In prosecutions under the preceding two sections it shall be sufficient to allege generally in the indictment, or complaint, an embezzlement, fraudulent conversion, taking or secreting with such intent, or an embezzlement or appropriation with intent to cheat or defraud, as the case may be, of money to a certain amount, or property of a certain value, without specifying any particulars of such embezzlement; and on the trial evidence may be given of any such embezzlement, fraudulent conversion or appropriation, or taking or secreting with intent so to embezzle or fraudulently convert, committed within six months next after the time stated in the indictment or complaint, and it shall be sufficient to maintain the charge in the indictment or complaint, and shall not be deemed a variance, if it is proved that any bullion, money, notes, bank notes, check, draft, bill of exchange, or other security or money or other property of such person, copartnership, incorporated bank or company or other body corporate, of whatever amount, was fraudulently embezzled, appropriated, or converted, or taken or secreted with intent so to embezzle or convert, by the person being prosecuted, within said period of six months."

Section 18 was the precursor to § 12–12–14. In *State v. Davis*, 37 R.I. 373, 92 A. 821 (1915), the defendant was indicted on ten counts as an accessory before the fact to embezzlement. The indictments were identical, except that the date of the commission of each offense was laid precisely six months later than in the preceding indictment. *Id.* at 375, 92 A. at 822. The court was asked to determine, inter alia, whether the defendant could be charged with criminal activity that occurred prior to the six-month "window" of proof specified in the statute. We held that the state could offer proof of the offense charged prior to the date named in the indictment, and cited as authority *State v. Cushing*, 11 R.I. 313, 316 (1876) (state may prove act of embezzlement at any time prior to date named in indictment). Thus the posture of the law in 1915 was that the state was free to prove enumerated acts of statutory larceny within six months following the date named in the indictment—*or at any time before.*

In 1915, after *Davis* was decided, the General Assembly considered an amendment to chapter 345 of the General Laws, which would have codified the holding in *Davis.* As passed by the House of Representatives the statute would have read in pertinent part: "evidence may be given of * * * taking * * * by false pretenses * * * with intent to cheat or defraud or to embezzle or to fraudulently covert, *at any time before or within six months* next after the time stated in the complaint or indictment * * *." (Emphasis added). The Senate Committee on the Judiciary rejected the bill

as drafted, and, instead of permitting proof of takings occurring "at any time * * * before * * * the time stated in the complaint or indictment," changed the bill to permit a proffer of proof "at any time *within three years before the bringing of the complaint or indictment, or within six months* next after the time stated in the complaint or indictment." (Emphasis added.) Public Laws 1915, ch. 1261, § 1.[8] The bill, as amended by the Senate Committee on the Judiciary, was enacted on April 23, 1915, and is, in all essential respects, identical to the present § 12–12–14.

Both the state and the defense contend, inter alia, that the interpretation of the word "or," contained in § 12–12–14, which separates the phrases "evidence may be given * * * at any time within three (3) years before the bringing of the indictment, information, or complaint" and "within six (6) months" thereafter is dispositive of defendants' guilt. The defense asserts that the word "or" should be read conjunctively as "and." This would have the effect of limiting the state to offer proof of defendants' wrongful acts during the three years prior to the date named in the indictment, information, or complaint, and for six months after the time stated in the same. Otherwise, asserts the defense, the three-year limitation on proof added by the General Assembly would be of no legal effect whatsoever, because the state could merely elect to rely upon the six-month limitation, and ignore the three-year limitation, thus rendering the 1915 enactment a

---

8. Public Laws 1915, ch. 1261, § 1 provides:
   "Sec. 8. In prosecutions under Sections 15, 16 and 17 of Chapter 345 of the General Laws, it shall be sufficient to allege generally in the complaint or indictment, a stealing of money to a certain amount, or property of a certain value, without specifying any particulars of such stealing, and on the trial evidence may be given of any such stealing, embezzlement, fraudulent conversion or appropriation, or obtaining, receiving, taking or secreting by false pretenses or otherwise with intent to cheat or defraud or to embezzle or to fraudulently convert, at any time within three years before the bringing of the complaint or indictment, or within six months next after the time stated in the complaint or indictment, and it

shall be sufficient to maintain the charge in the complaint or indictment, and it shall not be deemed a variance, if it is proved that any bullion, money, notes, bank notes, check, draft, bill of exchange, or other security or money or other property of whatever amount, was stolen, embezzled, fraudulently appropriated, or converted, or was obtained, received, taken or secreted by false pretenses or otherwise, with intent to cheat, or defraud, or to embezzle, or to fraudulently convert, by the person prosecuted, at any time within three years before the bringing of the complaint or indictment, or within six months next after the time stated in the complaint or indictment."

nullity. Such an interpretation would run directly counter to the canons of statutory construction, which will not ascribe to the Legislature an intent to enact provisions that are devoid of any purpose or without effect. *Exeter-West Greenwich Regional School District v. Exeter-West Greenwich Teachers' Association*, 489 A.2d 1010, 1019 (R.I. 1985). In particular, all provisions of a statute must be presumed to have some useful purpose, *e.g., State v. Reis*, 430 A.2d 749, 752 (R.I. 1981), and "words are not to be disregarded as surplusage if any other construction is possible." *Police & Firefighter's Retirement Association of Providence v. Norberg*, 476 A.2d 1034, 1036 (R.I. 1984). The state, on the other hand, suggests that the three-year limitation contained in § 12–12–14 applies only in those cases where an indictment specifies no particulars. Where the indictment is specific as to particulars the three-year limitation does not apply. The state, not surprisingly, asserts that the indictment that forms the predicate of this appeal is sufficiently specific.

We find it unnecessary to strain the language contained in § 12–12–14, for we find that the language contained therein clearly articulates the plain meaning of the statute. Section 12–12–14 limits the proffer of proof of designated types of statutory larceny [9] in two separate and distinct time frames. The state may offer proof of the designated offenses for a period of three years before the bringing of the indictment, information, or complaint. Alternatively or additionally, the state may offer proof of the designated offenses within six months next succeeding the time stated in said indictment, information, or complaint. Arguably, the manifest intent of the Legislature to establish two separate and distinct limitations of the time frames during which the state may offer evidence of the designated offenses might have been better articulated by the insertion of a semicolon before the word "or," followed by a comma, in the phrase so hotly debated by the state and the defense; or, by the sub-

stitution of the conjunctive "and" in place of the disjunctive "or." That such emendation is unnecessary is made manifest by the fact that for a period in excess of some sixty years from the date of the enactment of the predecessor to § 12–12–14 there were no prosecutions predicated upon proof of events occurring more than three years before the bringing of the indictment, information or complaint.

This court has previously recognized that statutory derivations of larceny, namely false pretenses and embezzlement, are to be distinguished from common-law larceny for purposes of supplying proof of the elements giving rise to such offense. *State v. St. Pierre*, 118 R.I. 45, 51, 371 A.2d 1048, 1051 (1977). Today we reaffirm that holding.

In 1915 the General Assembly had before it the precursor to § 12–12–14, as enacted in 1909. It had before it the proposed amendment thereto, which would have codified the holding in *Davis*, and, of course, *Davis* itself stood there for all to read. The Legislature must be presumed to know the nature and character of its prior legislation, and also to know the effects of judicial interpretation upon that prior legislation. *First Federal Savings & Loan Association of Providence v. Langton*, 105 R.I. 236, 245–46, 251 A.2d 170, 176 (1969), *cert. denied*, 396 U.S. 374, 90 S.Ct. 613, 24 L.Ed.2d 589 (1970). The General Assembly acted in 1915 to limit the effect of prior case law upon a previously enacted statute by amending such statute. The effect of the interpretation of such statute suggested by the state would be to render such emendation nugatory. Thus, to recapitulate, we hold that § 12–12–14 sets forth two periods of limitation for the proffer of evidence in connection with violations of §§ 11–41–3, 11–41–4, and 11–41–11. The state may offer proof of the designated offenses for a period of three years before the bringing of an indictment, information, or complaint. Alternatively or additionally, the state may offer proof of the designated

---

**9.** *See supra,* note 5.

offenses within six months next succeeding the time stated in said indictment, information, or complaint. In view of the fact that defendants' convictions were predicated upon proof of facts that occurred more than three years before the bringing of the indictments, the convictions must be reversed.

Because we hold that the convictions must be reversed for failure to make a timely proffer of evidence, we do not reach the defendants' other assignments of error.

Accordingly, the appeals of the defendants are sustained, and the judgments of the trial court are reversed.