**UNITED STATES, Appellant,**

v.

**BARKER STEEL CO., INC., and Robert B. Brack, Defendants, Appellees.**

**No. 92–1536.**

United States Court of Appeals, First Circuit.

Heard Oct. 9, 1992.

Decided Feb. 19, 1993.

Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge TORRUELLA, SELYA, CYR, BOUDIN, and STAHL, Circuit Judges.

## ORDER OF COURT ON PETITION FOR REHEARING EN BANC

Upon consideration of the petition for rehearing en banc, it is ordered that the same be denied.

BREYER, Chief Judge, with whom Torruella, Circuit Judge joins (concurring in en banc denial of rehearing).

We agree with the majority that we should not grant this petition for en banc review. But, that is because the particular facts of this case do not compel us to reach the major legal issue that petitioners would like to raise, an issue that we believe is important. The panel opinion points out that an indictment charging a conspiracy "to defraud the United States," 18 U.S.C. § 371, must do more, in this case, than simply charge a conspiracy, an overt act, and the object of "impairing, obstructing or defeating the lawful function of any department of Government." It must also charge improper means, means that the panel describes as "affirmative acts of misrepresentation and deceit." Is this description of improper means overly broad? Would it permit prosecutors to cast their criminal net too wide? After all, "do good; shun evil," while sound moral advice, is not appropriate language for a criminal statute.

More specifically, must the improper means (in cases like the one before us) include conduct that not only is deceitful, but also is of a kind that the law normally independently forbids? Without some such requirement, Section 371 would seem to criminalize conduct that an offender, in advance, could reasonably have believed was not criminal. (Imagine, for example, officials of non-MBE Company A who lie to officials of MBE Company B, causing them to miss an important bid deadline, so that the contract is awarded to Company A rather than Company B). At the same time, the "other law" requirement need not necessarily mean other *federal criminal* laws; other laws, including state criminal laws, and, perhaps, certain civil laws, can make clear to potential offenders that certain types of specified conduct are both dishonest and forbidden. Nor need one read Section 371 as requiring a prosecutor to prove all the elements of a violation of the other law. It might well be sufficient to show an instance of the *basic type* of conduct that the other law forbids, rather than proving secondary matters, such as actual effects, or more technical matters, such as statutes of limitations. The merits of some such "other law" requirement, and its consistency with precedent on the subject, seem to me to warrant argument.

We have not asked for argument, however, because the information, as described by the panel, meets the criteria suggested above. The information makes clear that the "affirmative acts of misrepresentation and deceit" here at issue involve conduct that in all likelihood is independently criminal. The government alleges that "MBE contracts can only be awarded to MBE's who actually do the work," it says that Rusco did not do any of the work, and it says that Rusco submitted false documentation to state certifying agencies which documentation "contained false and misleading information and material omissions which directly affected Rusco's eligibility." Fairly read, the information says that the defendant aided Rusco in telling significant lies to state agencies in order to obtain from the federal government money that it would not otherwise have obtained. This is conduct of the kind that criminal statutes normally forbid. Also, the essence of the conduct which occurred here—making misrepresentations to an entity in order to procure payments from it—*was* in fact criminal in the states in which the conduct occurred. *See, e.g.,* Mass.Gen.L. ch. 266, § 30 (larceny and "false pretenses"); R.I.Gen.Laws § 11–41–4 (same); N.H.Rev. Stat.Ann. ch. 637 § 4 (1991) ("theft by deception"); *Commonwealth v. Schoening,* 379 Mass. 234, 396 N.E.2d 1004 (1979) (prosecution for conspiracy to defraud government official under false pretenses statute); *State v. Ricci,* 533 A.2d 844 (R.I.1987) (prosecution under false pretenses statute of contractor who lied regarding job specifications to obtain payment from city).

For this reason, we agree with the court that it need not consider the need for an "other law" requirement in Section 371 prosecutions at this time.