February 19, 1993

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-1536

 UNITED STATES,
 Appellant,

 v.

 BARKER STEEL CO., INC., AND
 ROBERT B. BRACK,
 Defendants, Appellees.
 

 ERRATA SHEET

 The Order of Court On Petition For Rehearing En
Banc issued on February 19, 1993, is amended as as follows:

 On the first page under list of Judges delete "and
Fuste,* District Judge," and on the bottom of the page
delete "Of the District of Puerto Rico, sitting by
designation."

February 19, 1993

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-1536

 UNITED STATES,
 Appellant,

 v.

 BARKER STEEL CO., INC., AND
 ROBERT B. BRACK,
 Defendants, Appellees.
 

 Before
 Breyer, Chief Judge,
 
 Bownes, Senior Circuit Judge
 
 Torruella, Selya, Cyr, Boudin, Stahl, Circuit Judges,
 
 

 ORDER OF COURT
 ON PETITION FOR REHEARING EN BANC

 Entered: February 19, 1993

 Upon consideration of the petition for rehearing
en banc, it is ordered that the same be denied.

 BREYER, Chief Judge, with whom Torruella, Circuit
 
Judge joins (concurring in en banc denial of rehearing). We
 
agree with the majority that we should not grant this
petition for en banc review. But, that is because the
particular facts of this case do not compel us to reach the
major legal issue that petitioners would like to raise, an
issue that we believe is important. The panel opinion
points out that an indictment charging a conspiracy "to
defraud the United States," 18 U.S.C. 371, must do more,
in this case, than simply charge a conspiracy, an overt act,
and the object of "impairing, obstructing or defeating the
lawful function of any department of Government." It must
also charge improper means, means

that the panel describes as "affirmative acts of
misrepresentation and deceit." Is this description of
improper means overly broad? Would it permit prosecutors to
cast their criminal net too wide? After all, "do good; shun
evil," while sound moral advice, is not appropriate language
for a criminal statute.

 More specifically, must the improper means (in
cases like the one before us) include conduct that not only
is deceitful, but also is of a kind that the law normally
independently forbids? Without some such requirement,
Section 371 would seem to criminalize conduct that an
offender, in advance, could reasonably have believed was not
criminal. (Imagine, for example, officials of non-MBE
Company A who lie to officials of MBE Company B, causing
them to miss an important bid deadline, so that the contract
is awarded to Company A rather than Company B). At the same
time, the "other law" requirement need not necessarily mean
other federal criminal laws; other laws, including state
 
criminal laws, and, perhaps, certain civil laws, can make
clear to potential offenders that certain types of specified
conduct are both dishonest and forbidden. Nor need one read
Section 371 as requiring a prosecutor to prove all the
elements of a violation of the other law. It might well be
sufficient to show an instance of the basic type of conduct
 
that the other law forbids, rather than proving secondary
matters, such as actual effects, or more technical matters,
such as statutes of limitations. The merits of some such
"other law" requirement, and its consistency with precedent
on the subject, seem to me to warrant argument.

 We have not asked for argument, however, because
the information, as described by the panel, meets the
criteria suggested above. The information makes clear that
the "affirmative acts of misrepresentation and deceit" here
at issue involve conduct that in all likelihood is
independently criminal. The government alleges that "MBE
contracts can only be awarded to MBE's who actually do the
work," it says that Rusco did not do any of the work, and it
says that Rusco submitted false documentation to state
certifying agencies which documentation "contained false and
misleading information and material omissions which directly
affected Rusco's eligibility." Fairly read, the information
says that the defendant aided Rusco in telling significant
lies to state agencies in order to obtain from the federal
government money that it would not otherwise have obtained.
This is conduct of the kind that criminal statutes normally
forbid. Also, the essence of the conduct which occurred here

-- making misrepresentations to an entity in order to
procure payments from it -- was in fact criminal in the
 
states in which the conduct occurred. See, e.g., Mass. Gen.
 
L. ch. 266, 30 (larceny and "false pretenses"); R.I. Gen.
Laws 11-41-4 (same); N.H. Rev. Stat. Ann. ch. 637 4
(1991) ("theft by deception"); Commonwealth v. Schoening,
 
396 N.E.2d 1004 (Mass. 1979) (prosecution for conspiracy to
defraud government official under false pretenses statute);
State v. Ricci, 533 A.2d 844 (R.I. 1987) (prosecution under
 
false pretenses statute of contractor who lied regarding job
specifications to obtain payment from city). 

 For this reason, we agree with the court that it
need not consider the need for an "other law" requirement in
Section 371 prosecutions at this time.