STATE

v.

Carol TAYLOR.

No. 092–187–C.A.

Supreme Court of Rhode Island.

June 15, 1993.

Jeffrey Pine, Atty. Gen., Andrew Berg, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld and Barbara Hurst, Asst. Public Defender, for defendant.

## REVISED OPINION

## PER CURIAM.

This matter was before the Supreme Court pursuant to an order issued to the state and to the defendant, Carol Taylor, to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the extensive memoranda submitted by the state and by the defendant and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

In this case defendant appeals from a Superior Court denial of a motion for a new trial. She had been indicted by a grand jury and was convicted, following a jury trial, of administering methadone, a controlled substance, to her daughter, aged five, and of murder of that child in the second degree. On appeal defendant raises several issues.

■ The defendant first argues that the trial justice erred in allowing testimony of the administrator of the drug-treatment program in regard to the training and education clients generally receive about the dangers of methadone. He testified that defendant had signed consent-to-methadone-treatment forms approximately nine times. He also testified about the procedure followed before a client is allowed to take methadone out of the clinic for home use. The court is of the opinion that this evidence was admissible under Rule 406 of the Rhode Island Rules of Evidence as relevant to the conduct of defendant and the routine policies of the organization with which she was undergoing drug-abuse treatment.

■ The defendant also asserts that the trial justice erred in allowing the medical examiner to testify about lethal blood levels of methadone in children and about his conclusion that methadone was the cause of the little girl's death. The court is of the opinion that the medical examiner's work experience and his familiarity with articles and toxicology text books relating to lethal blood levels of methadone in children qualified him to testify about the cause of death.

■ The defendant next argues that the trial justice erred in failing to declare a mistrial because of the prosecutor's statement in closing argument that defendant had administered methadone to her child not to help her but to keep her quiet. Our review of the record discloses that the trial justice noted defendant's objection and gave a cautionary instruction regarding those remarks. Any prejudice was therefore negated by this instruction. *See State v. Taylor*, 581 A.2d 1037 (R.I.1990).

■ The defendant argues that the delivery of a controlled substance to an adult is not an inherently dangerous felony as is required to establish guilt of second-degree felony murder under *In re Leon*, 122 R.I. 548, 410 A.2d 121 (1980). However, in this case, we have the delivery of a controlled substance to a five-year-old child, who was already impaired by a respiratory infection, of which infection defendant was aware. By any standard the delivery of a controlled substance to a child, not under the direction of a physician in regard to dosage, is an act that is inherently dangerous.[1]

---

1. In 1981, eight years before the events in this case, the Legislature enacted Public Laws 1981, ch. 287, § 1, which contained the heading "CONTROLLED SUBSTANCE—DEATH RESULTING—*FELONY MURDER.*" (Emphasis added.) That enactment became G.L.1956 (1981 Reenactment) § 11–23–6, which reads:

"Controlled substance transaction resulting in death of Minor.—Any person convicted of the sale, delivery or distribution of a controlled substance, the sale of which would constitute a felony under chapter 28 of title 21, to a minor or convicted of knowingly providing such a controlled substance for sale, delivery or distribution to a minor and death has resulted to such minor because of the ingestion orally, by injection or by inhalation of such controlled substance, shall be imprisoned for life."

The cases cited by defendant involve the delivery of a controlled substance to an adult. In G.L.1956 (1989 Reenactment) § 21–28–4.07 the Legislature drastically increased the penalties for delivery of such drugs to children, authorizing sentences ranging from a minimum of fifteen years to a maximum of life imprisonment or a fine of not more than $500,000. In view of this fact, it could not be seriously argued that defendant's administering of methadone to her sick child was not an inherently dangerous act as such an act would be construed in this jurisdiction.

Finally we have considered and rejected defendant's argument that to support a conviction of felony murder in this case, the underlying felony must have been something other than the lethal act itself. She argues that the delivery of the controlled substance to her daughter was part and parcel of the greater offense of second-degree murder on a theory of reckless disregard—the traditional theory of murder. We believe this reasoning would render our felony-murder law meaningless. We have said many times that we shall not interpret a statute, doctrine, or rule of the common law in a manner that renders it devoid of purpose or effect. *See State v. Ricci*, 533 A.2d 844 (R.I.1987).

In most felony-murder cases, as in the case before us, the accused undertakes an inherently dangerous course of action which unintentionally results in the death of the victim. Even if the death was unintentional it may be viewed as reasonably foreseeable in view of the dangerousness of the act or conduct of the accused. Concerning defendant's argument regarding merger, we are unimpressed by the principle suggested. In *In re Leon*, 122 R.I. 548, 410 A.2d 121 (1980), where the underlying felony was arson, the very act of setting the fire was the act that brought about the death. The situation is no different in the case before us.

The court is of the opinion that § 21–28–4.07(A) establishes a strict-liability standard of guilt for administering or giving methadone. That statute reads, in part:

"Any person eighteen (18) years of age or over who violates § 21–28–4.01(A) by distributing a controlled substance, excluding marijuana, listed in schedules I and II to a person under eighteen (18) years of age who is at least three (3) years his or her junior shall be imprisoned to a term of not less than fifteen (15) years and may be imprisoned for life, or fined not more than five hundred thousand dollars ($500,000), or both. In all such cases, the justice imposing sentence shall impose a minimum sentence of fifteen (15) years' imprisonment and may only impose a sentence less than that minimum if he or she finds that substantial and compelling circumstances exist which justify imposition of the alternative sentence."

This statute does not require a specific intent. Furthermore, in *Sharbuno v. Moran*, 429 A.2d 1294, 1296 (R.I.1981), this court held that "neither possession nor delivery of a controlled substance is a specific-intent crime."

Finally the defendant argues that the trial justice erred in denying her motion for a new trial. Since the defendant has failed to show that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong, we shall not disturb that ruling. *See State v. Caruolo*, 524 A.2d 575 (R.I.1987).

For these reasons the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

Although this section would appear to apply to the sale of a controlled substance, the activity prohibited is exactly what occurred in this case. It would appear that the public policy in this state has been to consider the administering or delivery of controlled substances to a minor as inherently dangerous.